## In the Matter of the Estate of ROBERT M. BIHN, Deceased.

Surrogate's Court, New York County, March 23, 1939.

*McManus, Ernst & Ernst* [*Terence J. McManus* and *John J. Foley* of counsel], for the administratrix *c. t. a.*

*Joseph Quittner*, for the objectant.

*McNamara & Seymour*, for the Empire Trust Company.

*Robert P. Levis, per se.*

*Alfred C. Bennett*, for the State Superintendent of Insurance.

FOLEY, S. In this accounting proceeding the administratrix *c. t. a.* moves to strike out the objections to the account filed by her son upon the ground that he is no longer interested in the estate but had previously assigned, by formal instrument, his complete interest in it to his grandmother.

The father of the infant, the decedent, whose estate is involved here, died in 1929. In his will he bequeathed his entire estate to his widow. By reason of the birth of the son, who is the objectant here, subsequent to the date of the execution of the will, the latter became entitled as the sole child to his intestate share which amounted to two-thirds of the net estate.

On December 30, 1935, the objectant executed to his grandmother, Mary G. Petrie, an assignment of all his right, title and interest in the estate of his father. The instrument was duly acknowledged by him and delivery made of it to the assignee. Its validity is attacked upon several grounds. The preliminary ground that it was void because it was not recorded with the clerk of this court is overruled. Counsel for the objectant is in error in his primary contention that the recording statutes as to assignments and powers of attorney (Pers. Prop. Law, §§ 32, 32-a) make mandatory the recording as a condition to validity between the original assignor and assignee. The only purpose of the statutory provisions is to require the recording in order to give notice to subsequent assignees of the interest in the estate. (*Matter of Kloppenburg*, 134 Misc. 168; affd., 227 App. Div. 739; *Leask* v. *Hoagland*, 64 Misc. 156.) As

between the original parties where the rights of subsequent assignees are not asserted, the assignment is valid and enforcible. (*Fairbanks v. Sargent*, 104 N. Y. 108.) The preliminary contention is, therefore, overruled.

Further attack is made upon the instrument upon the ground that it was procured by fraud, undue influence and imposition practiced upon the former infant and was made without consideration. It appears that he became of age on October 21, 1935, approximately two months before execution of the assignment of his interest in the estate.

The evidence does not sustain any of the grounds claimed by the objectant. On the other hand, it has been shown affirmatively by the mother and the grandmother of the objectant that no deception was practiced, no undue influence was used, that the execution of the assignment arose solely with the objectant and that the transaction was fair, open and voluntary and perfectly understood by him. The duty and burden of explanation has been fully met. The objectant's own letter written from California some weeks prior to the execution of the assignment establishes his own intent, uninfluenced by his mother or his grandmother, to convey his interest in the estate. At the time of the conveyance the grandmother was approximately seventy-six years of age. His interest which he conveyed approximated $12,000. He was plainly inspired by a desire to see that his grandmother and his mother were adequately supported in their declining years. He was entirely competent to make a voluntary gift of his share. His testimony that his interest in the estate was suppressed from him, the surrogate finds to be untrue. His version is contradicted by the convincing testimony of Mr. Levis, by his mother and by the documentary evidence in the case. Mr. Levis had been appointed special guardian upon the personal selection and nomination of the infant in the accounting proceeding initiated in 1934. The former infant was at that time nineteen years of age. He was about to graduate from a military academy after a course of five years. His own verified petition requesting the appointment of a special guardian expressly stated that he was entitled to two-thirds of the net estate as his intestate share. The account filed at that time was explained to him by his special guardian. The amount of his interest was accurately set forth in it. He had considerable business experience before the date of the making of the assignment. His letters and his appearance on the stand demonstrated a shrewdness beyond his years. His testimony was evasive and was impeached as false upon many material points by his written admissions and by proof of undisputable facts. The authorities require that the

strictest scrutiny shall be applied to transactions between a fiduciary and beneficiary and particularly between a parent and child or guardian and ward. (*Matter of Ferrara*, 145 Misc. 705; *Allen* v. *LaVaud*, 213 N. Y. 322; *Cowee* v. *Cornell*, 75 id. 91; *Adair* v. *Brimmer*, 74 id. 539; *Matter of Mac Neil*, 165 App. Div. 842.) When tested by this rule, however, the evidence for the objectant in this proceeding fails to establish bad faith, fraud, over-reaching, duress or other ground of invalidity in the making of the assignment. The surrogate finds that the objectant was fully advised of his legal rights before the execution of the assignment. There is no proof of any misrepresentation made to him. The instrument of assignment was simple and easily understandable by a young man of his education. It expressed his own wishes and those of no other person. He is bound by its terms. (*Matter of Stone*, 272 N. Y. 121, 124; *Pimpinello* v. *Swift & Co.*, 253 id. 159.)

Upon the subordinate question as to the large amount of moneys spent out of the estate by his mother for the support and education of the objectant and charged to his share, the surrogate finds such expenditures were reasonable. While the mother should have been appointed general guardian and the funds of the former infant turned over to her and expended under prior orders of this court, the surrogate, under the equitable powers and under the pertinent authorities, holds that the expenditures were proper and should be ratified and approved. (*Hyland* v. *Baxter*, 98 N. Y. 610; *Matter of Taylor*, 153 Misc. 673; *Matter of Lapides*, 144 id. 19.)

The surrogate finds upon all of the evidence that the assignment of the objectant's share of the estate was valid and binding upon him. Thereby he surrendered all interest in the estate and is now without legal standing to object to the account. The motion to strike out his objections is granted.

Submit order on notice accordingly. Since no other objections have been filed to the account, a decree may be submitted upon notice settling the account and directing distribution to the persons entitled thereto.