Johu J. Dillou, S.
A person claiming to be one of four first cousins, and as such a distributee of testatrix, by order to show cause dated November 13, 1958, has petitioned for an order vacating a probate decree of this court dated January 21, 1957, and setting aside a waiver of citation and consent to probate executed by petitioner bearing date the 15th day of November, 1956.
*834 The petition and affidavits submitted in behalf of petitioner are insufficient to establish any invalidity or any impropriety in the execution of the waiver. (Matter of White, 182 Misc. 223, affd. 268 App. Div. 759; Matter of Freundlich, 58 N. Y. S. 2d 679.) There was no obligation on the part of the executor or his attorney to advise petitioner of the nature and effect of such instrument. The petitioner is chargeable with knowledge of the contents and the legal effect of such waiver whereby he formally consented to the probate of such will. (See Matter of Stone, 272 N. Y. 121; Matter of Schoenewerg, 277 N. Y. 424; Matter of Ellis, 159 N. Y. S. 2d 582.)
The statutory power of the court to vacate or set aside a decree is found in subdivision 6 of section 20 of the Surrogate’s Court Act. Such statutory power or any inherent power in the court to vacate a decree may be exercised only in a like case and in the same manner as a court of general jurisdiction exercises the same powers. (Matter of Tilden, 98 N. Y. 434, 442, overruled on other grounds in Matter of Eitingon, 296 N. Y. 842, 843; Matter of Henderson, 157 N. Y. 423; Matter of Peck, 131 App. Div. 81; Matter of Sielcken, 162 Misc. 54, 65.) Moreover, in order to vacate a judgment or decree, the moving party must satisfy the court that he has a meritorious defense or that there is a reasonable probability of success. (Bandler v. Bandler, 187 N. Y. S. 358; Fitzgerald Mfg. Co. v. Alexander, 200 App. Div. 164, appeal dismissed on other grounds 234 N. Y. 608; Matter of Paschal, 106 Misc. 214; Matter of Leslie, 175 App. Div. 108,112.)
The petition and supporting affidavits are wholly insufficient to establish petitioner’s claim that the will was not executed in the manner prescribed by section 21 of the Decedent Estate Law ■or that the testatrix lacked testamentary capacity. Although the affidavit furnished by the sole surviving subscribing witness is at variance with the statements made by him in his deposition, such deposition clearly established the execution of such will in compliance with the provisions of section 21 of the Decedent Estate Law. Since the court may infer from the attestation clause, even in the absence of proof by any witness as to the manner of execution, that such execution was in compliance with the recitals of such attestation clause (Matter of Sizer, 129 App. Div. 7, affd. 195 N. Y. 528; Matter of Ewen, 206 App. Div, 198; Matter of Santangelo, 10 Misc 2d 1002) and especially in view of the earlier deposition, the court is not inclined to lend credence to the affidavit recently furnished by such subscribing witness. The petition and moving affidavits are insuf *835 ficient to establish any lack of testamentary capacity. The provisions of the will to which petitioner points as indicating lack of testamentary capacity are satisfactorily explained by the preparation of the will many years before its execution.
The petition to set aside the waiver of citation executed by petitioner and to vacate the probate decree is accordingly denied and the petition is dismissed.
Settle order.