Charles T. Yeager, S.
Edward Werner, a distributee of the testatrix above named, by order to show cause dated May 12, *1088 1959, has petitioned for an order to vacate a decree of probate of this court which was granted on January 15,-1959. The respondents are the executors named in the last Avill and testament of Irene M. Habermehl, the testatrix. The decree of probate had been granted on their petition which ivas submitted to this court together with waivers of citation and consents to probate executed by all the distributees of the testatrix, including the said Edward Werner, the present petitioner.
From the affidavits submitted and from the testimony taken before the court on October 26, 1959, it appears that folloAving the funeral of the testatrix, a meeting of most of the distributees was held in the offices of the attorneys representing the executors. The attorney who had drafted the will was present, along with his brother, an attorney Avho is not now active in the practice of law. At this meeting the Avill Avas read and following this, the waivers of citation and consents to probate were executed by the distributees present, including the petitioner. Petitioner testified that he was present throughout this meeting, except for a few minutes during Avhich he had left the room. He further testified that he was under a great mental and emotional strain brought on by the shock of the death and funeral of his beloved sister, the testatrix.
This court may vacate a decree only in a like case, and in the same manner, as a court of record and general jurisdiction, and generally, on the ground of fraud, newly discovered evidence, clerical error or other sufficient cause. (Surrogate’s Ct. Act, § 20, subd. 6; Matter of Henderson, 157 N. Y. 423.) The words ‘ ‘ other sufficient cause ’ ’ have been limited to causes of a similar nature to those specifically enumerated in the section. (Matter of Tilden, 98 N. Y. 434, 442.)
Petitioner has failed to allege or prove any facts which would justify this court in granting the relief sought. The record is barren of any evidence from which the court could reasonably infer the existence of any of the elements set forth in the statute. On the contrary, it is apparent that the execution óf the waiver and consent to probate by the petitioner was his free and voluntary act. He is bound with knowledge of the contents of the instrument and its legal effect. (Matter of Stone, 272 N. Y. 121.)
The only evidence to which petitioner can point at all is that he was suffering from shock as a result of the death and funeral of his sister. This testimony, of a subjective nature, falls far short of a satisfactory factual showing which would warrant this court in granting the prayer of the petition. A waiver, duly acknowledged, may only be set aside upon a shoAving of *1089 fraud, misrepresentation, coercion or other ground tending to destroy its validity. (Matter of Freundlich, 58 N. Y. S. 2d 679.) No such evidence having been elicited, the petition is, therefore, denied.
Submit order in accordance with this memorandum.