Pierson R. Hildreth, S.
Proponents, by order to show cause returnable on March 9,1960, have petitioned for an order rejecting and treating as a nullity the objections to probate filed on February 18, 1960 by Raymond Anderson, a person claiming to be an adopted son of the decedent. On such return day the objectant cross-moved orally for permission to withdraw the waiver of citation and consent to probate executed by him and on file herein, and for permission to file his afore-mentioned objections.
Decedent’s will and the petition for its probate were both filed on April 20, 1959. The objectant executed his waiver and consent in this proceeding on May 4, 1959, and the same was filed on May 11, 1959. The supplemental citation issued in this proceeding, and originally returnable on June 1, 1959, was adjourned to June 15, 1959, and further adjourned to June 29, 1959. On June 29, 1959 decedent’s widow filed objections to the probate of bis will and thereafter withdrew such objections by stipulation in open court on February 17,1960. The following day objectant Raymond Anderson, by his attorneys, filed a written notice of appearance together with his said objections.
In support of his cross motions and in opposition to proponents’ instant application, the objectant filed an affidavit of one of his attorneys, dated March 17, 1960, wherein it appears that such attorney was retained early in June, 1959 to protect objoctant’s interests in this decedent estate, that he received a copy of decedent’s will from proponents’ attorney on June 27, 1959, and that following the receipt of the copy of decedent’s will he learned of the objections filed by decedent’s widow. It is also alleged therein that proponents’ attorney was advised that objections would be filed on behalf of objectant, Raymond Anderson, after the matter of decedent’s widow’s objection *663 had been clarified. It does not appear that proponents ’ attorney acceded or consented to such a procedure aud in fact he denies that he was ever so advised by the objectant’s attorneys. As far as the record goes, with the exception of executing Ms waiver and consent herein, objectant did not do anything until February 18,1960, when Ms notice of appearance and objections were filed as aforesaid.
The affidavit submitted in behalf of objectant, Baymond Anderson, is insufficient to establish any invalidity or any impropriety in the execution of Ms waiver herein. Fraud, misrepresentation, coercion, or other ground tending to destroy the validity of a waiver must be shown and should be clear and convincing. There was no obligation on the part of proponents or their attorney to advise the objectant of the nature and effect of such waiver. He is chargeable with knowledge of the contents and the legal effect of such waiver whether or not he availed himself of the advice of counsel at the time of the execution thereof. (Matter of Stone, 272 N. Y. 121; Matter of Habermehl, 19 Misc 2d 1087; Matter of White, 16 Misc 2d 22; Matter of Pearson, 19 Misc 2d 833; Matter of Freundlich, 58 N. Y. S. 2d 679.)
It should be noted that the proof of decedent’s will had been completed and this proceeding had been marked for decree prior to the time of objectant’s application to withdraw Ms waiver and consent herein and Ms application for permission to file objections.
Proponents’ application to reject and treat as a nullity the objections filed by Baymond Anderson on February 18, 1960, is granted. Said Baymond Anderson’s application for permission to withdraw his waiver of citation and consent to probate filed herein and his application for permission to file objections are both denied. Settle order accordingly.