John D. Bennett, S.
By order to show cause the petitioners, D. Augustus Carey and Catherine Carey, move to withdraw their waivers of citation and consent to the probate of the propounded instrument. The proponent seeks to dismiss the applications as a matter of law on the ground that the petitions do not contain any legal grounds for the relief requested.
Catherine Carey admits signing the waiver of citation, but says that she would not have if she then knew that at the time the instrument offered for probate was executed, the decedent was under the control of the beneficiaries named in such instrument.
The petition of D. Augustus Carey alleges that ‘ ‘ at the time he executed said form of waiver, your petitioner assumed that the paper writing aforesaid was executed by decedent in or about the year 1956 * * * that had he realized that the paper writing herein offered for probate was executed in April of 1959, petitioner would not have signed the same ’ ’.
The proponent states that at the time the citations to the above petitioners were mailed to them, they contained the information that the will sought to be probated was executed on April 19, 1959. This allegation is uncontroverted by the petitioners. In neither petition is there any allegation of fraud, *15 misrepresentation, duress or coercion exercised in the procurement of the waiver of citation. ‘1 A waiver, duly acknowledged, may only be set .aside upon a showing of fraud, misrepresentation, coercion or other ground tending to destroy the validity of the waiver.” (Matter of Freundlich, 58 N. Y. S. 2d 679, 680.)
The statement by the court in Matter of Pearson (19 Misc 2d 833, 834) is directly applicable: “ The petition and affidavits submitted in behalf of petitioner are insufficient to establish any invalidity or any impropriety in the execution of the waiver * * * There was no obligation on the part of the executor or his attorney to advise petitioner of the nature and effect of such instrument. The petitioner is chargeable with knowledge of the contents and the legal effect of such waiver whereby he formally consented to the probate of such will.”
The applications to withdraw the waivers of citation of D. Augustus Carey and Catherine Carey are accordingly dismissed.