Frank J. Kronenberg, S.
This proceeding for final settlement of the executors’ accounts presents questions as to the distribution of a legatee’s share of the estate.
Thomas F. Gray is named in the will of his mother Ann C. Gray as recipient of one fourth of her residuary estate, which share amounts to some $8,140.
Before settlement and distribution of the estate, various liens were created upon Thomas F. Gray’s share. The liens are in total more than $8,140, so the priorities must be determined.
The Union Bank of Erie, Pennsylvania, is holder of an assignment by Thomas F. Gray to it of $4,000 of his interest in the estate. The assignment was dated May 22, 1958.
The bank also is holder of another such assignment for $5,000 dated January 7, 1959. Both these assignments were collateral for personal loans. The January assignment was occasioned by a further advance to Gray of $1,000, thus the amount ($5,000) includes and duplicates the $4,000 which was the amount of the May assignment. Neither assignment was acknowledged by the maker.
Nathan Hyman, an attorney of Buffalo, is holder of an assignment by Gray in the amount of $4,150, stated therein to be for legal services rendered. It is dated October 23, 1958 and was acknowledged.
The remaining claimant is Mabel K. Gray, wife of Thomas F. Gray, who has for some time been living apart from him. On September 12,1958 she obtained a judgment against her husband for $1,303.36, by reason of his failure to provide for the support of their three children. Execution was levied on Gray’s interest in the estate on September 26, 1958. Mrs. Gray obtained a second and similar judgment on November 17,1959 in the amount of $1,775 and levy was made on December 2,1959.
The sequence of events in chronological order is as follows:
May 22, 1958 — assignment to Union Bank of $4,000.
September 26, 1958 — levy by Mrs. Gray on $1,303.36.
October 23, 1958 — assignment to Mr. Hyman of $4,150.
January 7,1959 — second assignment to Union Bank of $5,000.
December 2, 1959 — second levy by Mrs. Gray on $1,775.
None of the assignments was recorded as permitted by section 32 of the Personal Property Law and section 274 of the Beal Property Law, which relate to transfer, mortgage, or charge upon an interest, or part thereof, in an estate of a decedent. These sections, however, are nothing more than recording statutes. Their only purpose is to furnish a means of protection against other assignees of the same interest. Failure to avail oneself of these statutes may result in loss of priority but has *1053 no bearing on the validity of an assignment; and when as here, all assignments are unrecorded, these statutes are of no relevance. (See Matter of Bihn, 171 Misc. 80.) Equally inapplicable is the provision in these statutes requiring acknowledgment. (Matter of Kaufman, 201 Misc. 905.) Indeed, an assignment may be oral, not written. (Matter of Eckel, 256 App. Div. 1031.)
Since none of the assignments was recorded, their priority is governed by the order of their granting. (Matter of Lynch, 151 Misc. 549 ; Matter of Kitching, 141 Misc. 704.)
The bank’s $4,000 assignment, being first in point of time, is entitled to be first paid unless extinguished by the subsequent duplicate $5,000 assignment. The situation is similar to that in Industrial Bank of Commerce v. Shapiro (276 App. Div. 370). One Altman borrowed $900 from plaintiff bank and gave his note and a chattel mortgage on his automobile. He reduced the loan to $675 and was given another loan by plaintiff on a new note of $1,056, of which $675 was credited in payment of the prior note and the balance delivered to Altman. A new chattel mortgage securing this note was given on the same automobile, but the original chattel mortgage was not released nor discharged of record. Meanwhile, during the period between the two loans, Altman sold the automobile to defendant. Plaintiff sued for conversion and defendant contended that Altman no longer owned the automobile when he gave the later chattel mortgage. Furthermore, defendant argued, the note secured by the first mortgage had been paid out of the avails of the second note, so that the first mortgage no longer secured anything and its lien was extinguished.
The court ruled for plaintiff, stating (p. 373): “When the first note given by Altman was marked paid, it was merely renewed. The fact that the second note was larger in amount does not prevent its being a renewal to the amount of the prior note. Only the excess over the previous note was paid in cash to Altman; the rest was just a bookkeeping transaction. The original debt was not extinguished. Marking the first note paid signified that the first negotiable instrument which evidenced the debt had been cancelled and superseded pro tanto by another. It is well established that a second chattel mortgage upon the same property covered by a former chattel mortgage, to secure the same debt, is not of itself a cancellation of such first mortgage, even though the second has been given to secure a larger loan. (Hill v. Beebe, 13 N. Y. 556 ; Shuler v. Boutwell, 18 Hun 171 ; Gregory v. Thomas, 20 Wend. 17.) ” The Court of Appeals affirmed (302 N. Y. 566).
*1054 Here, the earlier assignment was not surrendered but was retained by the bank when it renewed the first note. Thus the lien created by the May, 1958 assignment remains unimpaired.
We next consider the rank of the levies under Mrs. Gray’s judgments, bearing in mind that levy may not be made on what has been previously assigned, and also that assignment may not be made so as to impair an earlier levy. Her status as a judgment creditor gives her no basis for complaint about the failure to record the assignments. ‘ ‘ Such transfers [unrecorded assignments] are not void against creditors. ’ ’ (Domestic & Foreign Discount Corp. v. Beuerlein, 54 N. Y. S. 2d 548, 550.) Mrs. Gray’s liens were perfected only when the levies were made and affected only such interest as had not previously been assigned.
The executions did not become dormant. In view of the litigation which was impending in this estate, the court believes that Mrs. Gray has acted reasonably and has not abandoned her levies. (Matter of Livingston, 211 N. Y. S. 2d 897 ; see, also, Matter of Gerardi, 138 N. Y. S. 2d 162.)
It appears that Mrs. Gray instituted supplementary proceedings on her judgment in 1960 but any “ lien ” thereby acquired was inchoate and was lost since there were no turnover orders or receiverships. (Matter of Livingston, supra.)
Nor does Mr. Hyman’s belated recording of his assignment long after this proceeding had begun gain him anything. As of that time, this court had acquired jurisdiction over the various claimants, the issues had been clearly defined, and it was too late to gain priority by then recording an assignment.
The assignments to the bank include interest. (Matter of Stern, 13 Misc 2d 605.)
In conclusion, the court determines that the Union Bank is entitled to payment of $4,000 with interest; Mrs. Gray is entitled to payment of her levy on the $1,303.36 judgment, and Mr. Hyman is entitled to the balance of the fund. Nothing is left to pay the net amount ($1,000) of the bank’s second assignment nor Mrs. Gray’s second judgment.