Edward M. O’Gorman, J.
The judgment creditor has moved this court for an order punishing William J. Dillon, a garnishee, who was served with a copy of the execution issued against the judgment debtor. The judgment creditor, in his moving papers, alleges that the said garnishee willfully failed to turn over to the Sheriff funds in his possession which were the property of the judgment debtor. The garnishee denies that the property in his hands was that of the judgment debtor.
CPLR 5251 provides that the failure of any person to comply with any such restraining notice shall be punishable as a con *904 tempt of court. In the instant case, it is sought to punish not the judgment debtor for a violation of the restraining notice, but a third person.
The order which is claimed to have been violated did not arise out of a proceeding brought by the judgment creditor against the garnishee directly, pursuant to CPLB 5225 (subd. [b]). Such an order or judgment would be enforcible by contempt proceedings if it contained a direction to turn over funds to the judgment creditor and the garnishee had disobeyed such direction.
While it is true that disobedience of a restraining notice by any person, whether a judgment debtor or third person, is punishable as a contempt, the issue here presented is whether the proceeding out of which the restraining order arose was directed against, the party whose punishment is sought.
An examination of the statutory scheme established by the CPLB under article 52 indicates that a separate proceeding was contemplated to enforce the rights of the judgment creditor against a third party having in his hands property of the debtor.
CPLB 5231 (subd. [d]) provides that if a person has been served with an income execution and “ shall fail to so pay the sheriff, the judgment creditor may commence a proceeding against him for accrued installments ”. CPLB 5232 (subd. [a]) provides by implication for a similar remedy in the case of a failure of the third party to comply with a levy by service of execution, in the following language: “ At the expiration of ninety days after a levy is made by service of the execution * * * the levy shall be void except as to property or debts which have been transferred or paid to the sheriff or as to which a proceeding under sections 5225 or 5227 has been brought.”
In a proceeding which is directed against the garnishee, he will have his day in court before the issuance of any order specifically directed against him. In the instant case, he has his first opportunity to be heard upon the return of a show cause order seeking to hold him in contempt. (See Siegel, Practice Commentary on Section 5251, McKinney’s CPLB, p. 207.)
In my opinion, the proper proceeding in which to contest the disputed question of title to the rents in the hands of the garnishee in this ease is a proceeding directed against the garnishee, in which the question of title can be raised in an orderly fashion with ample opportunity afforded both sides to present their case. The statute does not contemplate subjecting a party in the position of the garnishee in this case to the drastic remedy of contempt for the failure to comply with an order of the court where such failure is not based on willful disregard of the court’s *905 direction but rather on a dispute as to the ownership of the funds in question.
The application to punish for a violation of the levy made against the garnishee pursuant to the execution against the judgment debtor is denied, without prejudice to the right of the judgment creditor to institute other proceedings provided by article 52 of the CPLE.