John M. Keane, S.
What form must an instrument take to constitute a valid assignment of a part of a bequest? The answer to that question will settle the conflicting claims on this judicial settlement of accounts.
*218 Mary A. Palmer died January 2, 1964. Her last will and testament was admitted to probate in this court on January 10, 1964. She gave her property equally to her three children, Beatrice Y. Comp, James A. Palmer and Stanley H. Palmer. Her two sons were named as executors under the will.
The principal asset in the estate was a small parcel of improved real property. There were also some household goods, two cows and some chickens. There was no cash.
In the latter part of March, 1964, Beatrice Y. Comp, who resided in Pennsylvania, telephoned her brother, James A. Palmer, in Deposit, New York, to make an urgent request for part of her share in the estate. Since the estate had no cash, James A. Palmer, on April 1, 1964, sent her his personal check for $1,000. On April 3, 1964, Beatrice Y. Comp wrote her brother as follows: “ Bec’d your check to-day in the amount of $1000.00 which is to be applied against my share of mother’s estate.”
Although the account omits the dates of receipts and disbursements made by the executors, they testified concerning the times when the various transactions occurred. In early August, 1964, the household goods, two cows and chickens belonging to the decedent were sold.
At the time of her death, decedent was the owner of a small joint checking account with her son, Stanley H. Palmer. Subsequent to her death, this joint account was continued by the two sons as an estate checking account. Proceeds from the .sale of the personal property were deposited in this account. On August 18, 1964, $300 was paid from this account to Beatrice Y. Comp.
Efforts made to sell the real property were not immediately successful.
About a year later, in July, 1965, Grehly’s Carpet House, Inc., of York, Pa., hereinafter called the creditor, began an action in the Supreme Court, Broome County, against Beatrice Y. Comp, based upon a judgment which it had taken against her on November 7,1962 in the Court of Common Pleas of York County, Pa. At the time of the Broome County action, an attachment was served upon the executors for'the interest of Beatrice Y. Comp. The statement submitted pursuant to CPLB 6219 by the executors contained the following language: ‘ ‘ that the undersigned have already advanced to the said Beatrice Y. Comp as against her distributive share of such estate the sum of One Thousand Three Hundred Dollars ($1300.00), which amount will have to be deducted from her net distributive share before any payment to her or to any attaching creditor, and that such *219 advancements were made before the notice of attachment herein was served on the undersigned. ’ ’ The creditor obtained a judgment in Broome County Supreme Court on the Pennsylvania judgment on September 1, 1965.
On February 2, 1966 Beatrice V. Comp executed a written assignment to the creditor of her interest in the estate to the extent of $2,065.89 with interest from September 1, 1965. In the assignment, which was not prepared by counsel appearing in this proceeding, the first representation was as follows: ‘ ‘ 1. That I have not heretofore assigned, transferred, mortgaged or otherwise encumbered nor have I attempted to assign, transfer, mortgage or otherwise encumber my interest in the estate of the said Mary A. Palmer, decedent, or any part or parts thereof.” This assignment was not recorded.
On April 6, 1966 the executors signed an instrument in which they stated they would pay to the creditor, “ the proportionate share due to Beatrice V. Comp on their final accounting as Executors of the Mary A. Palmer Estate up-the maximum amount owing on a judgment of Gehly’s Carpet House, Inc.” This instrument was prepared by the attorney for the estate. No specific mention is made of the $1,300 already received by Beatrice V. Comp.
In July, 1966, the real property was sold. As part of the transaction, the creditor released its judgment lien. Finally, on October 31, 1966, the executors filed their account in this court in which they showed payment of $1,300 to Beatrice Y. Comp.
The creditor filed objections to the account on the ground that $1,300 could not have been advanced to Beatrice V. Comp prior to her assignment to the creditor on February 2, 1966 because there were ‘ ‘ insufficient monies in the estate to make such payment prior to the said assignment.” The balance payable to Beatrice Y. Comp according to the account filed was far less than the claim of the creditor. Unless the creditor can acquire a priority on the basis of its assignment, its claim will not be fully paid out of estate assets.
As to the $300 paid to Beatrice Y. Comp on August 18, 1964 out of the estate checking account after the sale of the personal property, sufficient funds were available. Therefore, the objection to the payment of $300 to her on August 18, 1964 is dismissed.
The creditor contends that the payment of $1,000 by James A. Palmer to his sister, Beatrice Y. Comp, was a loan. Gehly’s Carpet House, Inc., argues that, having reduced its claim to *220 judgment, it has priority over the claim of James A. Palmer who they insist is also a creditor of Beatrice V. Comp.
Gehly’s 'Carpet House, Inc., has standing in this court only on the basis of its assignment. The fact that it has a judgment in Pennsylvania and a judgment in New York gives no right in rem against the beneficial interest of the legatee. (Matter of Lynch, 151 Misc. 549.)
The payment of $1,000 made on April 1, 1964 by James A. Palmer out of his own checking account to Beatrice Y. Comp was made 22 months before she made the assignment to Gehly’s Carpet House, Inc.
The executors have called this payment an “ advance on the share of Beatrice Y. Comp.” The creditor strongly urges that since no cash was on hand to make such a payment this could not be an advance but was a loan on the part of James A. Palmer. The name or designation given to a particular transaction is not controlling. It is the substance of the transaction which must prevail.
The precise issue to be determined concerns the status of the letter of Beatrice Y. Comp written April 3, 1964 and quoted above. Does this letter constitute an assignment of a partial interest of Beatrice Y. Comp to her brother, James A. Palmer ? Although the share of Beatrice Y. Comp in the estate at that time was not in cash, it was a property interest.
It is admitted that James A. Palmer paid $1,000 to his sister. This court determines that Beatrice Y. Comp intended by her letter to assign her interest to the extent of $1,000 to her brother. There is no unique form for an assignment of a legacy. In fact, oral assignments have been sustained (Matter of Eckel, 256 App. Div. 1031).
Having determined that the letter of Beatrice Y. Comp constituted an assignment, the priority of the two assignments depends on “ the order in which they were given” (Matter of Kitching, 141 Misc. 704, 707) because neither was recorded pursuant to section 32 of the Personal Property Law. Even if the assignment to the creditor were recorded, it is questionable whether it would have acquired priority in view of the knowledge which the creditor had of the prior payments to the assignor. (Matter of Kloppenburg, 134 Misc. 168.)
Therefore the assignment by Beatrice Y. Comp to her brother, James A. Palmer, has priority. Discussion of priority problems is well set forth in Matter of Gray (28 Misc 2d 1051); Matter of Stern (13 Misc 2d 605), and Matter of Kloppenburg, (supra).
Gehly’s Carpet House, Inc., makes a strong argument about the representations in the assignment given by Beatrice V. *221 Comp to it. This assignment was not prepared by Beatrice V. Comp. While people should-be bound by the instruments which they sign, the creditor knew at the time this instrument was submitted to Beatrice V. Comp that $1,300 had already been paid to her. It had been so advised in the statement received six months previously as a result of the attachment made at the time of the action in Broome County on the judgment. It still has its rights for any misrepresentation on her part. The actual transactions are not altered by any alleged misrepresentation.
Therefore, this court determines that in the letter of April 3, 1964 quoted previously, Beatrice V. Comp made an assignment of her interest in the estate of her late mother to her brother, James A. Palmer, to the extent of $1,000. Since this assignment antedated that obtained by G-ehly’s Carpet House, Inc., it has priority.
Although the account filed showed payment of $1,000 to Beatrice V. Comp, the testimony revealed that after the sale of the real property the $1,000 had actually been paid to James A. Palmer. The objection of Gehly’s Carpet House, Inc., to the payment of $1,000 by the executors to James A. Palmer for the money sent to his sister is dismissed, without costs.