John T. Casey, J.
On June 20, 1969 the County National Bank (hereinafter County National) obtained and docketed a judgment by confession in the amount of $23,450.44 against Robert Kamens and Martin Lane. Prior to the proceedings herein, County National filed an information subpoena (CPLR 5224) with Inter-County Farmers Cooperative Association, Inc. (hereinafter Inter-County) and was informed that Inter-County held a patronage fund in the amount of $40,974.96 (as of February 13,1970) to the credit of the debtors, allocations from which are redeemable when declared at the option of the Board of Directors of Inter-County,[1] and that against such fund, Inter-County itself held a first assignment in the amount of $6,952.43; that the Jewish Agricultural Society held a second assignment (dated Jan. 8, 1965) in the amount of $5,000, and that the Ellenville National Bank held a third assignment dated March 15, 1965 in an unstated amount.
Thereafter, County National commenced this proceeding pursuant to CPLR 5227 for payment to judgment creditor of debt due judgment debtor. Inter-County commenced an interpleader action, pursuant to CPLR 5225 (subd. [b]), 5227 and 5239, to determine the priority of the claims. This petition recites that approximately twelve days after the commencement of this proceeding by County National (Feb. 25, 1970), another assignment, dated January 31, 1970 but not served until March 9, 1970 had been received by Inter-County. This last assignment in the amount of $6,500 is for alleged legal services rendered *448 to the debtors by Theodore Kamens, the brother of one of the debtors.
In answer to the interpleader proceeding, the Jewish Agricultural Society acknowledges the priority of Inter-County’s assignment but contends that its own claim now in the amount of $3,499.46 with interest at 6% from December 1, 1967 plus $750 counsel fees is entitled to second priority. County National in its reply to the interpleader proceeding acknowledges the priority of the assignments of Inter-County, the Jewish Agricultural Society, and Ellenville National Bank, but claims priority over the assignment of Kamens. Ellenville National Bank has not appeared in this proceeding but such failure should not affect a determination of its status in relation to the priorities claimed by the other parties herein.
Where unaffected by recording statutes, an assignee in good faith for value of an existing fund, as distinguished from an assignment of a property to be subsequently acquired or of future rights (Stathos v. Murphy, 26 A D 2d 500), is entitled to priority over a creditor of the assignor (Authorized Credit Corp. v. Enterprise Ind. Co., 109 N. Y. S. 2d 687), where the lien of the creditor has not been perfected by attachment or otherwise prior to the assignment. (Manufacturers Trust Co. v. Shapiro, 82 N. Y. S. 2d 250; see Assignments, 3 N. Y. Jur., § 69, p. 333.) Since the question between previous assignees and subsequently attaching creditors is the same in principle as that between conflicting assignees (Seamon v. Federated Films, 142 N. Y. S. 2d 324), the assignee has priority over subsequently attaching creditors (Golfarb v. C. & K. Purchasing Corp., 170 Misc. 90), and notice to the debtor is not essential to give the assignee priority. (Williams v. Ingersoll, 89 N. Y. 508.)
Applying these principles, the assignments of Inter-County, the Jewish Agricultural Society, and Ellenville National Bank are entitled to priority in that order for the amounts of their respective claims. Since Ellenville National Bank did not compute its amount or appear, it is impossible to calculate the total amount of these assignments and whether or not payment to all of these assignees would deplete the patronage fund. It is mentioned, however, in the papers submitted by County National that the claim of Ellenville National Bank is in the amount of $9,877.92 with interest from April 14, 1968.. Assuming this fact, it is therefore, necessary to determine the priority (of a judgment obtained June 20, 1969) between the County National as judgment creditor and the assignment of Theodore Kamens (dated Jan. 31, 1970 and served March 9, 1970).
*449 County National recovered its judgment which is now alleged to he in the amount of $22,375.44 plus interest, by confession. A validly confessed judgment has as much lien value as would an ordinary judgment rendered after trial, no more and no less. By the mere fact of its entry, however, it will be a lien only on the realty of the debtor situate in the county of filing (CPLR 5203). Entry -alone will not make it a lien on any personalty belonging to the debtor, either in the county of filing or anywhere else. The mere entry of judgment does not make it a lien on personalty, which requires either an execution or enforcement order. (See McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 3218, Lien of Confessed Judgment, Official Commentary C3218:15; see, also, CPLR 5234 and Official Commentary thereunder.) Under CPLR 5234 an execution must be levied on a judgment to obtain a priority status, for only an execution judgment creditor has a valid lien against the debtor or his assignee. Neither the commencement of an article 52 proceeding, the service of an information subpoena on the garnishee, nor the service of a restraining notice (CPLR 5222) will afford priority (City of New York v. Panzirer, 23 A D 2d 158). To assure himself the quickest priority the judgment creditor should whenever possible issue an execution on his judgment and get it levied. (McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 5234, Supplementary Practice Commentary by Prof. Siegel, p. 136.) A levy, however, may not he made on what has been previously assigned; nor may an assignment he made so as to impair an earlier levy. (Matter of Gray, 28 Misc 2d 1051.)
Herein, as was stated in Matter of Gray (supra), the judgment would be perfected only when and if a levy were made, and would affect only such interest as had not been previously assigned. Since County National herein had not perfected its judgment by execution or levy, or compliance with CPLR 5234 (suhd. [c]) -as to the procuring of an order or appointment of a receiver as determined in City of New York v. Panzirer (supra), at the time of the assignment to Theodore Kamens, the assignment to Theodore Kamens, if otherwise valid, would receive priority over the County National, despite the fact that the obtaining of the judgment was first in point of time. (Manufacturers Trust Co. v. Shapiro, supra.) If the assignment to Theodore Kamens, therefore, be considered valid, it will have priority over the judgment of County National.
The affidavit of County National, however, poses the question that, since Theodore Kamens and one of the judgment debtors *450 are brothers, the assignment is collusive. No facts support this allegation. It seems, therefore, that unless the parties can agree to a distribution of the patronage fund (when it is distributable) in accordance with this decision and in the order of priority provided herein and fix their various claims against it in agreed amounts, a hearing should be had before the court at the Trial Term for November 1970 at Monticello, New York at a time and date to be arranged by the petitioner Inter-County so that the amounts of the various assignments can be computed (Ellenville National Bank has not rendered a computation) and the validity of the assignment of Theodore Kamens determined as to whether it was in good faith and for value.

. Payments are revolving on a 10-year basis half in cash and half in preferred stock by years, paying the oldest year first and if this schedule is maintained payments from the fund will be completed by 1980; there are no present plans to redeem the preferred stock.