■ EDWARD KENNIS et al., Appellants, v WILBUR K. SHERWOOD, as Sheriff of Orange County, et al., Respondents. — Appeal by plaintiffs from so much of an order of the Supreme Court, Orange County (Daronco, J.), dated July 14, 1980, as denied that part of their motion which was (1) for summary judgment against defendant Empire National Bank, (2) to punish defendants Wilbur K. Sherwood and Empire for contempt, and (3) for a default judgment against defendant Sherwood. Order affirmed insofar as appealed from, without costs or disbursements. Plaintiffs purchasers of real property, obtained a money judgment on March 17, 1977 for breach of contract against the development company which sold them their property. They proceeded to enforce their judgment by issuing a garnishee's execution against defendant Empire National Bank on May 16, 1977, to be served by the defendant Sheriff. The Sheriff served the execution three days after receipt. Empire refused to transfer any assets to the Sheriff, asserting a superior lien. (Ultimately the execution was returned unsatisfied on June 12, 1979.) Empire responded to the plaintiffs by letter dated May 24, 1977 stating that it had no account relationship with the judgment debtor other than a holdback security account which was established when it purchased the personal obligations of real estate purchasers from the development company. Thereafter, plaintiffs commenced a turnover proceeding (see CPLR 5225, subd [b]; 5227) to exclude the holdover of an installment note given by the plaintiffs upon the purchase of the real property, from receiving any interest in the account and to direct Empire to satisfy the execution out of that account. Empire was never made a party to the turnover proceeding and, on March 14, 1978, an unopposed judgment was entered granting the relief requested. Armed with the latest judgment, plaintiffs requested the Sheriff to proceed with the execution of the original money judgment. The Sheriff informed plaintiffs that Empire's position had not changed and plaintiffs then commenced the instant action, asserting three causes of action against the Sheriff for failing to execute the money judgment and for contempt for disobeying the turnover judgment; two causes of action against Empire for conversion and contempt; and one cause of action against defendant Aetna Insurance Company (later amended to Aetna Casualty and Surety Company) on its Sheriff's performance bond. During the pendency of the instant action, much confusion arose over which the surety company was liable on the Sheriff's performance bond, and attempts to determine the correct surety delayed the action. In addition, venue of the action was changed, and the appeal that followed delayed the action further (see *Kennis v Sherwood*, 72 AD2d 673). Ultimately, plaintiffs brought the instant motion to join the appropriate surety, for a default judgment against the Sheriff, for summary judgment against Empire, and to punish the Sheriff and Empire for contempt. Special Term denied the motion except insofar as it granted leave to the plaintiff to amend the complaint and serve new parties. Summary judgment against Empire is not appropriate because it is clear from the record that multiple questions of fact appear with respect to the relationships between the parties, the legal effect of the holdback account and whether it is subject to enforcement of a money judgment. In addition, the failure of the plaintiffs to commence the turnover proceeding against Empire or to join it as a party deprived the court of jurisdiction over it and rendered the turnover judgment ineffective as to Empire (see CPLR 5225, subd [b]; 5227; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 5225:5, p 243). A default judgment against the Sheriff is also not appropriate. Although the Sheriff did not interpose an answer to the complaint until plaintiffs' motion for a default judgment was denied on condition that he serve his answer within a specified period, the Sheriff has demonstrated a reasonable excuse for his delay and a meritorious defense. The delay was caused by a combination of the

County Attorney's request for an extension of time to answer on behalf of the Sheriff, the confusion in trying to determine the correct surety and the change of venue motion and appeal. Based on the above, the County Attorney believed that the Sheriff's time to answer had been suspended until the problems were solved. Clearly, the action was in limbo during the period, the default was not purposeful, and a determination on the merits is appropriate. With respect to the Sheriff's meritorious defense, he admits to receiving the execution and alleges that he served it on Empire three days later. When service was made, Empire alleged its superior lien on the account and refused to transfer the assets to the Sheriff. The Sheriff could do nothing more. Although he failed to return the execution within the 60-day return requirement of CPLR 5230 (subd [c]), a reading of that section indicates that in the case of an execution served in accordance with CPLR 5232 (subd [a]), the 60-day period does not apply. Section 5232 (subd [a]) provides for a levy upon any interest of the judgment debtor in personal property not capable of delivery or upon any debt owed to the judgment debtor. This section applies to bank accounts (see, e.g., *Matter of Industrial Comr. of State of N.Y. v Five Corners Tavern,* 47 NY2d 639). Pursuant to section 5232 (subd [a]), the levy occurs by service of the execution and the garnishee "shall forthwith transfer all such property * * * to the sheriff". The levy is effective only for 90 days from the date of service (extensions are available). If the garnishee fails or refuses to transfer the property pursuant to section 5232 (subd [a]), the judgment creditor must bring a special proceeding pursuant to CPLR 5225 or 5227 to obtain a court order directing the transfer within the 90 days to perfect the levy (see *Industrial Comr. of State of N.Y. v Five Corners Tavern, supra,* p 644; Siegel, New York Practice, § 496, pp 672-674; 6 Weinstein-Korn-Miller, NY Civ Prac, par 5232.13). At bar, plaintiffs failed to commence the turnover proceeding within the 90-day period and, when in fact they commenced the proceeding, they did so against the wrong party. Clearly a meritorious defense has been demonstrated and a resolution on the merits is appropriate. Plaintiffs' motion to punish the Sheriff and Empire for contempt for failing to obey the turnover judgment was correctly denied. Empire was never a party to the turnover proceeding and the court had no jurisdiction over it. While the refusal or willful neglect of any person to obey a restraining notice and the failure to obey a judgment pursuant to a turnover proceeding can result in that person being punished for contempt (see CPLR 5104, 5251), the better practice is to contest disputed questions of title in a proceeding other than one for contempt (see *Carl B. Nusbaum, Inc. v Calale,* 45 Misc 2d 903). At bar, Empire never had an opportunity to contest the issue of title until the instant proceeding. This question should be determined on the merits without a contempt citation being issued. As to the Sheriff, his proper levy was ignored and it was the plaintiffs' responsibility to proceed in accordance with CPLR 5232 (subd [a]). Finally, the plaintiffs, for the first time, seek summary judgment against Aetna Casualty. Such relief was not asked for at Special Term, the order did not discuss it and the plaintiffs' notice of appeal does not mention the issue. Therefore, the plaintiffs should be limited accordingly as to the scope of their appeal (see CPLR 5515, subd 1; *Christian v Christian,* 55 AD2d 613). Thus summary judgment against Aetna Casualty is not cognizable on this appeal *(Christian v Christian, supra).* In any event, summary judgment is not appropriate since issue between the plaintiffs and Aetna Casualty has not been joined (CPLR 3212, subd [a]). As the issue is not properly before us on this appeal, the merits of the plaintiffs' action against the surety need not be reached. Questions as to whether the direct action against Aetna Casualty is proper and whether the bond (which allegedly expired on March 18, 1976, a year before the execution in question was issued) was still in force in May, 1977 are better resolved by Special Term. Lazer, J.P., Margett, O'Connor and Thompson, JJ., concur.