In the Matter of Harold BLATTER, Debtor.

JAMES TALCOTT FACTORS, INC., Plaintiff,

v.

Harold BLATTER, Bruce D. Scherling, Trustee, and Dry Dock Savings Bank, Defendants.

Bruce D. SCHERLING, Trustee, Plaintiff,

v.

DRY DOCK SAVINGS BANK, Defendant,

James Talcott Factors, Inc., Applicant for Intervention.

Bankruptcy Nos. 81 B 11837, 81–5687A and 81–5689A.

United States Bankruptcy Court, S. D. of New York.

Dec. 24, 1981.

Strassberg & Strassberg, New York City, for James Talcott Factors, Inc.; Louis Strassberg, New York City, of counsel.

Bruce D. Scherling, New York City, trustee.

Guggenheimer & Untermeyer, New York City, for Harold Blatter, debtor; Ephraim K. Leibowitz, P.C., New York City, of counsel.

Joseph E. Kaht, Lynbrook, N.Y., for Dry Dock Sav. Bank; Richard B. Backofen, Lynbrook, N.Y., of counsel.

DECISION AND ORDER ON SUMMARY JUDGMENT MOTIONS AND TURN-OVER RE: RIGHTS IN DEBTOR'S I.R.A. ACCOUNT

BURTON R. LIFLAND, Bankruptcy Judge.

By the procedural shortcut of summary judgment, Bankruptcy Rule 756, F.R.Civ.P. 56, the parties to these adversary proceedings, Bankruptcy Rules 701 and 703, have asked this Court to determine and apply appropriate black letter law to resolve their disagreement over their respective rights in certain personal property. The facts, none of which are disputed (established by the parties local rule 3(g) statements), are as follows.

James Talcott Factors, Inc., ("Talcott") became a judgment creditor of the debtor, Harold Blatter, in the Supreme Court, State of New York, County of New York (Index No. 21648/79) on June 10, 1980. Talcott then went about enforcement of its judgment.

To begin, on May 7, 1981, Talcott issued a "Restraining Notice to Garnishee" upon the debtor's bank, Dry Dock Savings Bank ("Dry Dock"), prohibiting the transfer of the debtor's funds. New York Civil Practice Law & Rules ("CPLR") § 5222(b). This was followed the next day by Talcott's delivery of an "Execution with Notice to Garnishee" to the Sheriff of New York County directing Dry Dock to turnover the debtor's I.R.A. account (No. 05–924498–6). CPLR § 5232(a). Service of the Execution by the Sheriff on Dry Dock occurred on or about May 15, 1981, but Dry Dock, without any discernable lawful impediment, refused to transfer the funds without the comfort of a court order. As a result, on June 3, 1981, Talcott commenced special proceedings in New York County Supreme Court to obtain such an order directed against the recalcitrant garnishee. CPLR § 5225. A decision in Talcott's favor was granted on September 14, 1981.[1]

The entry of the supplementary CPLR 5225 judgment in the Supreme Court was stayed by 11 U.S.C. § 362(a) when on September 18, 1981, the debtor filed a petition in bankruptcy under Chapter 7 (liquidation) in this Court. 11 U.S.C. § 301. Listed in Schedule B–3 of the debtor's petition (see Bankruptcy Rule 108) was the I.R.A. account, and by a letter of October 13, 1981, the trustee in bankruptcy of the debtor's estate (11 U.S.C. §§ 701 and 702) made a demand upon Dry Dock for a turnover of the I.R.A. account.

On October 23, 1981, Talcott commenced an action in this Court for relief from the automatic stay, (11 U.S.C. § 362(e)) in order to consummate collection of the I.R.A. account.[2] Thereafter, on October 26, 1981, the trustee commenced an action against Dry Dock to compel a turnover (11 U.S.C. § 542) of the I.R.A. account to the estate of the debtor (11 U.S.C. § 541(a)). Talcott moved to intervene (Bankruptcy Rule 724, F.R.Civ.P. 24) in the trustee's suit on November 9, 1981. The trustee filed a Notice for Summary Judgment in the Talcott action on November 13, 1981, claiming a superior right to the I.R.A. account. A Notice of Cross Motion for Summary Judgment was filed by Talcott on November 20, 1981. The summary judgment motions were heard on November 23, 1981 and decision reserved.

The sheriff's service of the "Execution with Notice to Garnishee" on May 15, 1981 upon Dry Dock effected a levy upon the I.R.A. account in favor of Talcott. In pertinent part, CPLR § 5232 provides:

(a) Levy by service of execution

The sheriff shall levy upon any interest of the judgment debtor in personal prop-

1. Of more than passing interest is the holding of Justice Price that an Individual Retirement Account Plan is a self-settled trust not exempt from a judgment creditor's execution levy. The opinion further holds that it is of no consequence that an involuntary premature withdrawal of funds will result in tax penalties and onerous tax consequences to the debtor in addition to loss of the fund itself.

2. The debtor, through its counsel, has advised the Court that it claims no interest in the I.R.A. Account. November 23, 1981 letter on Guggenheimer & Untermyer letterhead.

erty not capable of delivery, or upon any debt owed to the judgment debtor, by serving a copy of the execution upon the garnishee...

This levy becomes void at the expiration of ninety days unless within that period it is perfected by either delivery of the property to the sheriff or the commencement of a special proceeding under CPLR § 5225 or § 5227. CPLR § 5232(a) continues:

\* \* \* \* \* \*

At the expiration of ninety days after a levy is made by service of the execution, or of such further time as the court, upon motion of the judgment creditor has provided, the levy shall be void except as to property or debts which have been transferred or paid to the sheriff or as to which a proceeding under sections 5225 or 5227 has been brought...

 Talcott perfected its levy against the I.R.A. account when within 90 days following the original levy it commenced a special proceeding pursuant to CPLR § 5225(b). The very commencement of the CPLR § 5225(b) proceeding within the ninety day period perfected the Talcott levy. As explained by a leading CPLR commentator:

The levy must be perfected one way or another during that 90-day period, however, and if the garnishee has not made a voluntary transfer to the sheriff within that time the judgment creditor is going to have to take some other step before the 90 days expire. Two other steps are available to him, either of which will perfect the levy at least to the extent of satisfying the 90-day requirement. One is for the judgment creditor to commence a special proceeding against the uncooperative garnishee. The proceeding contemplated is governed by CPLR 5225 or 5227, and its mere commencement within the 90 days satisfies the requirement; the

proceeding need not be heard or determined within that time.
Siegel, *New York Practice* (West), § 496 at 673.

 The levy takes hold the moment the garnishee is served with the Execution in the case of personal property not capable of delivery. It continues in full force and effect without the 90 day period if within the 90 day period the property is turned over to the sheriff *or* the judgment creditor institutes a special proceeding. No court order or judgment entry is necessary to perfect the levy, sustain perfection of the levy, or give the levy status in the ranking of priorities under CPLR § 5234.[3] And none of the cases cited by the trustee so instruct. See *Fehr v. First Americana Corporation*, 31 A.D.2d 967, 968, 299 N.Y.S. 214, 217 (1969) App. dismd. 25 N.Y.2d 890, 304 N.Y.S.2d 8, 251 N.E.2d 147; *County National Bank v. Inter-County Farm Cooperative Association*, 65 Misc.2d 446, 449, 317 N.Y. S.2d 790, 793 (1970); *Kennis v. Sherwood*, 82 A.D.2d 847, 439 N.Y.S.2d 962, 965 (1981); *See also City of New York v. Panzirer*, 23 A.D.2d 158, 162, 259 N.Y.S.2d 284, 288 (1965).

 Because Talcott's perfected levy is prior in time to the trustee's hypothetical lien under 11 U.S.C. § 544(a)(1), it is prior in right. Moreover, as the levy and subsequent event of perfection took place more than 90 days prior to the filing of the petition, it may not be set aside as a preference pursuant to 11 U.S.C. § 547(b). This would be true notwithstanding payment over by the sheriff within the preference period. See *Riddervold v. The Saratoga Hospital*, 647 F.2d 342, 346 (2d Cir. 1981).

Summary judgment is granted to Talcott and denied to the trustee.

Talcott may proceed to enforce its judgment against the debtor's aforementioned I.R.A. account.

---

**3.** A special proceeding culminates in a judgment that runs directly against the recalcitrant garnishee respondent who has not surrendered levied property to the sheriff, and it is enforceable against him like a judgment rendered in a plenary money action. *See* Siegel, "Practice Commentaries", 7 B McKinney's C 5225:5(b) at 245. *Compare Riddervold v. The Saratoga Hospital*, 647 F.2d 342, 346 (2d Cir. 1981) (enforcement of money judgment pursuant to CPLR § 5231 "income execution")

As the trustee's adversary proceeding to compel a turnover of the I.R.A. account is subsumed by this Court's ruling in favor of Talcott, it is dismissed.

So Ordered.