WEST SIDE NATIONAL BANK OF CHICAGO, Respondent, *v.* WARSAW DISCOUNT BANK, Appellant.

PERCIVAL E. NAGLE, Sheriff of the County of New York, and DAVID H. KNOTT, Former Sheriff of the County of New York, Respondents.

First Department, December 15, 1922.

**Attachment — vacating attachment — it is improper to provide, in order vacating attachment, that defendant pay sheriff's fees as condition to return of property — order should require return of all property and that plaintiff pay fees of sheriff.**

It is improper to provide in an order vacating a warrant of attachment that the defendant shall pay the fees of the sheriff as a condition to the return of the property.

The order should require the sheriff to return all of the property attached and that the plaintiff pay the sheriff's fees.

APPEAL by the defendant, Warsaw Discount Bank, from so much of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 16th day of August, 1921, as provides that the sheriff of the county of New York release certain attached property of the defendant only on condition that he be paid his alleged lawful fees, and also from an order of the Supreme Court made at the New York Special Term and entered in said clerk's office on the 29th day of June, 1922, denying defendant's motion to compel said sheriff to release said property, or in the alternative that said order be resettled.

*Terence Farley* of counsel [*Richard J. Mackey* with him on the brief; *Blandy, Mooney & Shipman,* attorneys], for the appellant.

*Edward B. Schulkind* of counsel [*George W. Olvany,* attorney for Percival E. Nagle, as sheriff of the county of New York; *John Ingle, Jr.,* attorney for David H. Knott, former sheriff of the county of New York], for the respondent.

SMITH, J.:

The appeal from the order denying the motion to resettle must be dismissed. (*Waltham Mfg. Co.* v. *Brady,* 67 App. Div. 102; *Pinchot* v. *New York Elevated R. R. Co.,* 49 id. 356.)

The other appeal is from the condition of the original order requiring the defendant to pay the fees of the sheriff in order to secure the release of property unlawfully attached. The action was brought for damages, and the amount of $12,400 of defendant's, deposited in a bank in the city of New York, was attached.

Upon motion the attachment was set aside, and the order of publication was set aside, as the court was without jurisdiction. The defendant was thereupon entitled to the return of the moneys attached. No obligation rested upon the defendant to pay the sheriff's fees, because the moneys were unlawfully taken by the sheriff upon a void attachment. The order should have required the return of all the moneys attached, and should at the same time have required the plaintiff in that action to pay the sheriff's fees which had accumulated. The condition in the order, therefore, requiring the defendant to pay the fees of the sheriff in order to obtain the moneys unlawfully attached, was unauthorized, and the order asked for should have been granted to return all of the moneys attached.

The order appealed from, therefore, should be modified so as to conform to the order as originally proposed by the defendant, with ten dollars costs and disbursements to appellant.

CLARKE, P. J., PAGE, GREENBAUM and FINCH, JJ., concur.

Order modified as directed in opinion, with ten dollars costs and disbursements to appellant. Settle order on notice.