JOHN J. McCLOSKEY, as Sheriff of the City of New York, Respondent, *v.* EPHRAIM BRIL, Doing Business as TRANS-AMERICA COMMODITY EXCHANGE, Defendant, and MAURICE LUTWACK, Appellant.

First Department, June 14, 1955.

*Maurice Lutwack,* in person, of counsel (*Edward M. Sheehan,* attorney), for Maurice Lutwack, appellant.

*A. G. Grayzel* of counsel (*Sidney Posner,* attorney), for respondent.

*Per Curiam.* Defendant, an attorney, appeals from a summary judgment in favor of plaintiff Sheriff for poundage fees arising from a levy on a warrant of attachment which was subsequently vacated.

Defendant attorney, in behalf of his client, one Bril, had filed with plaintiff Sheriff a warrant of attachment issued by the Supreme Court, Erie County, in an action instituted by Bril against a foreign bank. The Sheriff levied on the bank's funds located in New York. Subsequently, the bank, in that action, obtained summary judgment against Bril and the warrant of attachment was vacated. The attached funds were released to the bank. The Sheriff then sought to obtain from Bril the poundage fees to which he became entitled. (Civ. Prac. Act, § 1558.) Failing in this, because neither Bril nor any of his assets could be found in the State, he thereupon instituted this action for his fees against defendant, Bril's attorney, and obtained summary judgment.

It has long been the law of this State that an attorney is liable in a plenary action to the Sheriff for fees incident to the execution of a process delivered by the attorney to the Sheriff. (*Adams* v. *Hopkins,* 5 Johns. 252; *Campbell* v. *Cothran,* 56 N. Y. 279; see *Myers* v. *Grove,* 242 App. Div. 637.) Section 1558 of the Civil Practice Act, contrary to the attorney's contention, does not relieve him of this liability. It is his view that the Sheriff should have collected his fees from the attached funds before he released them to the bank. But, subdivision 17 of section 1558, upon which he relies, distinguishes between vaca-

tion and discharge of a warrant. It is only in the case of discharge, and not in the case of a vacatur, that the Sheriff may retain the attached property until his fees are paid. Thus, the statute provides: '' In all counties where a levy has been made under a warrant of attachment and the warrant of attachment is vacated or set aside by order of the court, the sheriff is entitled to poundage upon the value of the property attached not exceeding the amount specified in the warrant, and such additional compensation for his trouble and expense in taking possession and preserving the property as the judge issuing the warrant allows, and the judge or court may make an order requiring the party at whose instance the attachment is issued to pay the same to the sheriff; and when said attachment has been otherwise discharged by order of the court, he shall be entitled to the poundage aforesaid and to retain the property levied upon until his fees and poundage are paid by the party at whose instance the attachment is discharged; provided that if a warrant of attachment is vacated or set aside by order of the court, the maximum amount upon which poundage shall be computed shall be one million dollars even though the value of the property attached shall exceed such amount.'' (See, also, Civ. Prac. Act, § 970.) Further, where a warrant is vacated, the court itself cannot condition the return of the property upon payment of the Sheriff's fees by the attachment defendant. (*West Side Nat. Bank* v. *Warsaw Discount Bank,* 204 App. Div. 4.)

Moreover, although Bril was required to obtain an undertaking in order to procure the warrant (Civ. Prac. Act, § 907), the bond, apparently, protects the attachment defendant only, and is not broad enough to imburse the Sheriff for his fees. It is only fair that, as between Bril and his attorney, the former should bear the burden of the Sheriff's fees. Ordinarily, the attorney may be able to protect himself by obtaining an amount equal to the fees from his client in advance of execution of the warrant. At times, however, this may not be possible. It would seem, therefore, that, if an attorney in a situation such as this is to be protected, legislative action would be required. Perhaps the undertaking of the attachment plaintiff may, by statute, be extended to assure payment to the Sheriff of any fees or charges to which he may become entitled, as well as to indemnify the attachment defendant.

The judgment and order should be affirmed.

PECK, P. J., COHN, CALLAHAN, BREITEL and BOTEIN, JJ., concur.

Judgment and order unanimously affirmed, with costs. [See *post,* p. 963.]