M. Henry Martuscello, J.
The Sheriff of the City of New York moves for an order fixing poundage fees and directing the plaintiff and its attorney to pay the same. Said attorney on April 14,1956 filed with the Sheriff a garnishee execution issued on a judgment obtained by the plaintiff against the defendant for the sum of $25,402.13. After the Sheriff had succeeded in collecting $400 thereon, plaintiff assigned its judgment to a relative of the defendant for the sum of $8,116; and its attorney subsequently advised the Sheriff, in substance, not to proceed any further with said execution. Movant contends that he is entitled to poundage on the $8,116 as if he had collected same.
The fees of a Sheriff are regulated by, and must be fixed in accordance with, the provisions of section 1558 of the Civil Practice Act. There was no right at common law to the collection of such fees. (Flack v. State of New York, 95 N. Y. 461; Stojowski v. Banque de France, 294 N. Y. 135, 140.) The provisions of said section in force when the execution was delivered, and upon which this motion is based, were set forth in former subdivisions 7 and 19 thereof (both now in Civ. Prac. Act, § 1558, subd. 21, as renum. by L. 1958, ch. 942) which read in part as follows:
(Former subd. 7) “ Where a settlement is made after a levy by virtue of an execution, the sheriff is entitled to poundage upon the value of the property levied upon, not exceeding the sum at which the settlement is made ’ ’.
(Former subd. 19) “ where an execution has been vacated or set aside, the sheriff is entitled to poundage upon the value of the property levied upon, not exceeding the amount specified in the execution * * *, and the judge or court may make an order requiring the party liable therefor to pay the same to the sheriff.”
*212 Contrariwise to what is contended by respondent attorney, I hold that the assignment of the judgment constituted a settlement within the meaning of former subdivision 7, since it may be fairly inferred from the affidavits submitted and the exhibits attached thereto that the judgment was assigned with the view of defeating the garnishee execution and thus benefiting the judgment debtor (cf. Parsons v. Bowdoin, 17 Wend. 14; Stojowski v. Banque de France, supra). As said assignment interfered with his proceeding further with the process in question, the Sheriff may look to the plaintiff and its attorney for the payment of his poundage. ( Adams v. Hopkins, 5 Johns. 252; Campbell v. Cothran, 56 N. Y. 279; Van Kirk v. Sedgwick, 87 N. Y. 265, 271; McCloskey v. Bril, 286 App. Div. 143, affd. 1 N Y 2d 755.)
Former subdivision 7, however, conferred no authority upon the court to order the plaintiff and its attorney to pay any poundage due and the Sheriff is therefore relegated to a plenary action against them for the collection thereof (Treadwell d Co. v. Mead Mfg. Co., 75 App. Div. 478, 479). Former subdivision 19, on the other hand, authorized the court to make an order requiring the payment of poundage due by the party liable therefor where an execution had been vacated or set aside; and it would appear that the summary remedy provided thereby is not available against an attorney as he is not deemed a party within the meaning of said subdivision (cf. Myers v. Grove, 242 App. Div. 637; see, also, McCloskey v. Bril, supra). Moreover, former subdivision 19 is inapplicable to this motion since the execution was not vacated or set aside. To vacate or set aside an execution means to determine that the execution had been illegally or improperly issued and that the Sheriff had no right to the property upon which he had levied (cf. Lawlor v. Magnolia Metal Co., 2 App. Div. 552). The reason for authorizing a summary proceeding in former subdivision 19, and not in former subdivision 7, for the collection of poundage is obvious. A settlement of itself does not abate a levy made pursuant to an execution and a Sheriff may therefore retain physical dominion over the property affected thereby until his poundage has been paid (Treadwell & Co. v. Mead Mfg. Co., supra). However, where an execution has been vacated and set aside, the Sheriff’s dominion over the property levied upon is lost, and it would appear that the summary remedy provided for in that event serves as a substitute for the security he would otherwise have had for the payment of his poundage.
The cases relied upon by the Sheriff to sustain the propriety of the instant application were Special Term decisions which *213 are not necessarily binding on this court; and it is to be noted that some of them involved a vacatur of an execution, which is not the case here.
Motion denied, without prejudice to movant’s rights with respect to a plenary action. Settle order on notice.