■ SHIRLEY V. HOLLISTER, Respondent, v. ROBERT W. HOLLISTER, Defendant, and JOHN J. MCCLOSKEY, as Sheriff of the City of New York, Appellant.— REYNOLDS, J. Appeal from an order of the Supreme Court, Albany County, fixing the Sheriff's poundage fees at $500. The poundage assessed by appellant pursuant to CPLR 8012 (subd. [b], par. 3) is computed on the basis of the value of the property levied upon at the effective date of the settlement, which is here December 24, 1968, the date of the order settling the action. Defendant's sale of 235,000 shares at $2 per share in a period of personal economic difficulty and prior to the rapid extensive growth and

improved financial condition of the corporation is, of course, not dispositive as to such value (see *Matter of 860 Fifth Ave. Corp.* v. *Tax Comm. of City of N. Y.,* 8 N Y 2d 29). Moreover, while we recognize that in all likelihood market value would be affected by the fact that the stock was not registered, we cannot agree with Special Term that evidence as to market value " is incompetent and irrelevant ". Accordingly, Special Term should not have summarily rejected appellant's evidence as to market value but rather attempted to utilize it in determining the proper value on effective date of the settlement. This was clearly not done and the matter must, therefore, be remitted to Special Term for further proceedings not inconsistent herewith. We find no merit in respondent's contention that the appellant is not an aggrieved party. Since CPLR 8012 confers a statutory right to poundage upon the appellant, an order fixing the value of the property upon which the poundage is to be based certainly affects his rights. Nor can we agree that a prior ruling of the court is the law of the case as to the value of the stock. Not only is it abundantly evident that such was not the intent of the decretal paragraph in question but even more fatal is the fact that the sheriff was not a party to that proceeding. Order reversed, on the law and the facts, with costs, and matter remitted for further proceedings not inconsistent herewith. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Reynolds, J.