Saul S. Streit, J.
Motion for an order fixing fees due to the Sheriff of Westchester County in connection with an execution and granting judgment against defendant judgment debtor County Asphalt, Inc., thereon.
Plaintiff secured a judgment against defendants on January 20, 1972 in the sum of $291,790.18. Plaintiff caused an execution to be issued to the Sheriff of Westchester County against the defendant, County Asphalt, Inc. The Sheriff served a copy of the same on said judgment debtor on January 25, 1972 at its place of business in Tarrytown, New York, demanding moneys to pay the judgment plus interest and Sheriff’s fees. At that time, the Sheriff was informed that said judgment debtor was insured for an amount in excess of the judgment, *980 that the insurer would have to satisfy the judgment and that a levy upon its property would be both unnecessary and futile. The Sheriff was also aware that said judgment debtor was a well-known and solvent business, with sufficient assets in the county to satisfy the judgment. It appears to be the policy of this Sheriff ’s office, on instructions from the County Attorney, not to cause unnecessary disruption of the business of firms located within the county where it appears that the judgment creditor’s interest will be otherwise protected. In accordance with this policy, no levy was made on the judgment debtor’s property and the Sheriff gave the debtor until February 1,1972 to either satisfy the judgment by making full payment to the Sheriff or else obtain a stay of the execution. In fact, the Sheriff extended this deadline and when plaintiff demanded, on February 4, 1972, that the Sheriff immediately levy on the judgment debtor’s trucks, the County Attorney' advised plaintiff that it would first have to furnish certifications of ownership issued by the Department of Motor Vehicles, together with a list of the motor and serial numbers of all such trucks. Assertedly, insistence upon this technicality was employed simply as a means of further accommodating the judgment debtor to permit satisfaction of the judgment without the business disruption incident to a levy. There is no- evidence, however, that the said judgment debtor ever obligated itself to pay Sheriff’s poundage fees in exchange for this accommodation.
On February 7, 1972-, representatives of the insurers for the various defendants met with defense counsel and plaintiff’s attorney in court and satisfied the judgment by making payments totaling $229,939.34. The payment made on behalf of defendant County' Asphalt, Inc., was $146,459.67, representing one half of the judgment plus interest to date. As part of the satisfaction arrangement, defendants agreed to hold plaintiff harmless from any claims for Sheriff’s fees or poundage arising from any outstanding executions, reserving to themselves the right to contest any such claims. Plaintiff agreed to .recall all executions and on the following day, February 8, 1972, requested the Sheriff of Westchester County to return the execution unsatisfied. The Sheriff has refused to do so, claiming entitlement to statutory poundage fees on the entire “ settlement ”, calculated to be $13,788.18. It is evident from the papers submitted herein that the Sheriff took none of the actions required or permitted in order to earn his statutory poundage fee (see CPLR 80l2; see, also, CPLR 5231, subd. [f]). The Sheriff relies upon the authority of Giminez v. Great Atlantic *981 & Pacific Tea Co. (242 App. Div. 485 [2d Dept., 1934]) for his claim that- his forbearance from exercising dominion over the debtor’s property entitled him to a poundage fee based upon the total judgment ultimately collected. Such reliance is misplaced. In the Gimmes case, the quid pro quo for the Sheriff’s forbearance to levy was the debtor’s express representation that the Sheriff’s fees would be paid. More importantly, the debtor satisfied the judgment by making payment directly to the Sheriff pursuant to the execution served. Under the present statute (CPLR 8012, subd. [b], par. 1) such payment is sufficient to entitle the Sheriff to his poundage fee, even where there has been no levy. However, where there is a settlement or satisfaction of a judgment after issuance of an execution, and the Sheriff has not collected the money paid in satisfaction, he has no poundage claim unless he has actually made a levy' on the judgment debtor’s property, and then his fee is based upon the value of the property levied upon. (CPLR 8012, subd. [b], pars. 2, 3.) Since there has been no money collected by the movant-and there has been no levy on the judgment debtor’s property, the relief requested is unwarranted. Accordingly, the motion is denied.