(February 26, 1973)

JOANNA KNEELAND et al., Respondents-Appellants, v. REBEKAH HARKNESS FOUNDATION, Appellant, and REBEKAH HARKNESS, Respondent.— Order, Supreme Court, New York County, entered on November 27, 1972, unanimously affirmed, without costs and without disbursements. Insofar as the appeal is concerned, in affirming, we do not reach or pass upon the merits, and we affirm without prejudice to later renewal, after discovery proceedings have been completed. (*Bingham* v. *Wells, Rich, Greene,* 34 A D 2d 924.) Concur — Stevens, P. J., McGivern, Nunez, Kupferman and Lane, JJ.

In the Matter of EULA WILLIAMS et al., Individually and on Behalf of their Minor Children, Petitioners, v. GEORGE K. WYMAN, as Commissioner of the New York State Department of Social Services, Respondent.— Determination of the respondent, dated November 23, 1971, unanimously annulled, on the law, without costs and without disbursements, and the matter remanded for a full hearing on *all* the issues. The hearing officer limited the scope of the proceedings to the inadequacy of the grant to the petitioner and did not allow testimony on the issue of compliance with section 360 of the Social Services Law. A full hearing should be held as expeditiously as possible. The court notes parenthetically that it rejects the contention of petitioners that section 360 of the Social Services Law is unconstitutional (*Snell* v. *Wyman,* 281 F. Supp. 853, affd. 393 U. S. 323; cf. *Matter of Payne* v. *Sugarman,* 31 N Y 2d 845, 847). Concur — McGivern, J. P., Markewich, Nunez, Lane and Steuer, JJ.

ANONYMOUS, Respondent, v. ANONYMOUS, Appellant.— Order, Supreme Court, New York County, entered September 20, 1972, denying defendant's motion for discovery of certain medical reports, affirmed, without costs and without disbursements. The background of this appeal involves two previous orders, and resolution of the appeal, as noted in the dissenting opinion depends on interpretation of the first such order. That first order followed the provisions for exchange of medical information outlined in 22 NYCRR 660.11(b). The subsequent orders of Justices Spiegel and Di Fede also followed the same outline. The medical reports involved in this appeal are of a doctor who will not testify at the trial. Accordingly, denial of discovery of this report was proper (22 NYCRR 660.11[b][1]). Concur — McGivern, J. P., Nunez and Lane, JJ.; Markewich and Steuer, JJ., dissent in the following memorandum by Steuer, J.: We dissent. The resolution of this application depends on the interpretation of the prior order which was not appealed and is the law of the case. That order clearly provided in separate paragraphs that defendant was entitled to discovery of all reports by doctors who examined plaintiff and who were going to testify in her behalf, and, secondly, required plaintiff to authorize the disclosure of all hospitals and doctors' records of any doctor who had treated her. Accordingly, defendant would be entitled to have disclosed the records of Dr. Fisher, as distinct from any report he might have made, regardless of the fact that he might not be called as a witness.