In re Paul J. SULLIVAN, Debtor.

TOMPKINS COUNTY TRUST
COMPANY, Plaintiff,

v.

Paul J. SULLIVAN, Metropolitan Property and Liability Insurance Company, Raymond M. Schlather, and Harold P. Goldberg, Esq., as Trustee, Defendants.

Bankruptcy No. 83 00260.
Adv. No. 83 0066.

United States Bankruptcy Court,
N.D. New York.

July 7, 1983.

Edward Y. Crossmore, Ithaca, N.Y., for plaintiff.

LoPinto & Schlather, Ithaca, N.Y., for defendants, Paul J. Sullivan and Raymond M. Schlather; Michael LoPinto, Ithaca, N.Y., of counsel.

Harold P. Goldberg, Syracuse, trustee.

## MEMORANDUM–DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

LEON J. MARKETOS, Bankruptcy Judge.

On March 7, 1982, the Debtor filed a petition in bankruptcy under Chapter 7 of the Bankruptcy Code. By the instant adversary proceeding, the Tompkins County Trust Company (hereinafter, the Trust Company) seeks an order of the Court lifting the automatic stay so that it may continue a special proceeding under Article 52 of the New York Civil Practice Law and Rules (CPLR) seeking judgment directing the Metropolitan Property and Liability Insurance Company (hereinafter, Metropolitan) to turn over to it the proceeds of a fire insurance policy. The Trust Company also seeks an order of the Court declaring that the Debtor may not properly claim the aforesaid insurance proceeds as exempt and directing Metropolitan to turn over the proceeds to it, less costs of Attorney Raymond M. Schlather.

The Debtor interposed an answer which admits most of the factual allegations of the complaint, but denies that the Trust Company has a fully perfected lien upon the subject insurance proceeds; that there is "no equity in the proceeds of said settlement for the debtor"; and that the Debtor may not properly claim the insurance proceeds as exempt property. The Debtor asserts by an affirmative defense and counterclaim that the subject proceeds constitute "cash" within the meaning of § 283(2) of the New York Debtor and Creditor Law and is, therefore, available for protection under the New York exemption scheme.

The Trustee has not interposed an answer and is deemed to have abandoned any interest he may possess in this proceeding.

## FINDINGS OF FACT

The following facts are uncontroverted in the pleadings:

1. On or about March 18, 1981, the Trust Company recovered a judgment against the Debtor for the sum of $16,602.51 in the Supreme Court of the State of New York, County of Tompkins. This sum remains unpaid.

2. In January, 1983, the Debtor recovered the sum of $6,750.00 from Metropolitan by way of a settlement in an action in the Supreme Court of the State of New York, County of Tompkins.

3. The Debtor was represented by Raymond M. Schlather who claims an attorney's lien for fees and expenses on the settlement amount.

4. On or about March 2, 1983, the Trust Company commenced a special proceeding pursuant to Article 52 of the CPLR for a judgment directing that Metropolitan turn over to it the proceeds, less the fees and expenses of Mr. Schlather.

5. The proceeding was scheduled to be heard in Supreme Court of the State of New York, County of Tompkins, on March 10, 1983.

6. The Debtor filed a petition in bankruptcy under Chapter 7 of the Code on March 7, 1983.

7. The Debtor is claiming the subject insurance proceeds as exempt property under § 283(2) of the New York Debtor and Creditor Law.

8. The Trust Company served a restraining notice under Article 52 of the CPLR on Metropolitan on March 4, 1982.

## DISCUSSION

The task before the Court is two-fold: first, the Court must decide whether the Trust Company, by virtue of a restraining notice served upon Metropolitan, obtained a lien, superior to the Trustee in bankruptcy, with respect to the subject insurance proceeds. If not, the Court must then decide whether the Debtor may claim as exempt, property recovered under § 544 of the Code.

The Trust Company served a restraining notice under Article 52 of the CPLR on March 4, 1982. It contends that the service of this restraining notice upon Metropolitan gave it rights in the subject settlement proceeds which cannot be defeated by a Trustee in bankruptcy under § 544 of the Bankruptcy Code. If the Trust Company's interest is superior to that of the Trustee, then the subject proceeds do not become property of the estate and are not available to the Debtor as exempt property.

Under the CPLR, a restraining notice does not give a judgment creditor a lien on a defendant's property, personal or real, and no special priority in a race with other judgment creditors. Siegel, Practice Commentary, N.Y.C.P.L.R. § 5222 (McKinney 1978). The judgment creditor need not forfeit a lien by using a restraining notice; however, after the restraint is issued and served, the judgment creditor should use one of the lien-giving devices under the CPLR. *Id.* For example, mere service of an execution under CPLR § 5230 on the sheriff will obtain a lien on the debtor's property, even before the execution is levied. N.Y.C.P.L.R. § 5234(b), *supra.*

In the instant case, the Trust Company merely served a "Restraining Notice to Garnishee" on Metropolitan pursuant to § 5222(b) of the CPLR. Such action alone does not trigger a lien upon the insurance proceeds. Furthermore, the Trust Company has not offered any evidence indicating that it used a lien-giving device on the proceeds which would subordinate the Trustee's interest in same. Rather, the Court concludes that the effect of the restraining notice upon Metropolitan was to prohibit it from turning over the proceeds to anyone. It did not create a lien in favor of the Trust Company.

The Court must next consider whether the Trustee has any right to the subject proceeds for the benefit of the Debtor's estate. Section 544 of the Code

gives the Trustee the rights of a creditor on a simple contract with a judicial lien on the property of the debtor as of the date of the petition. 11 U.S.C. § 544 (Supp. V 1981). Clearly then, the Trustee's "strong arm" rights under the Code are such that allow him to set aside the Trust Company's restraining notice, since no lien exists on the subject proceeds, and use same for the benefit of the Debtor's estate. The Trustee, however, has waived any claim in the subject proceeds.

The final question before the Court is whether the Debtor may set aside the Trust Company's restraining order and then exempt the liquidated insurance proceeds pursuant to § 283(2) of the New York Debtor and Creditor Law. Section 522(h) of the Code determines whether the Debtor may claim property exempt which has been abandoned by the Trustee. The issue is whether the Debtor has an exemption in the subject insurance proceeds when a restraining order on the same is void against the trustee in bankruptcy under § 544(a) of the Code.

Section 522(h) provides, in pertinent part, that:

> (h) The debtor may avoid a transfer[1] of property . . . to the extent that the debtor could have exempted such property under subsection (g)(1) . . . if—
>> (1) such transfer is avoidable by the trustee under section 544 . . . or recoverable by the trustee under section 553 of this title: and
>> (2) the trustee does *not* attempt to avoid such transfer. (emphasis added)

Clearly, the trustee would have to avoid the Trust Company's restraining order before the subject proceeds come into the Debtor's estate. Here, however, the Debtor is acting as the Trustee, liquidating the settlement for the benefit of the estate, and claiming as exempt any of the subject proceeds to the extent allowed under § 283(2) of the Debtor and Creditor Law since the Trustee failed to interpose either a counterclaim or cross-claim against the parties.

The Trust Company contends that the Debtor may not exempt any of the proceeds from the subject insurance settlement because the settlement is not "cash" within the meaning of the statute. The Court disagrees with this position. By virtue of § 522(h) of the Code, the Debtor may liquidate the insurance settlement as the Trustee would for the benefit of the estate. Once liquidated, the proceeds are clearly "cash" and the Debtor may claim exempt as much as is allowed by the statute.

## CONCLUSIONS OF LAW

In accordance with the preceding findings of fact and principles of law, the Court concludes that:

1. The restraining order of the Trust Company did not create a lien on the subject insurance proceeds.

2. The restraining order is inferior to the Debtor's interest in the property as granted by the Bankruptcy Code.

3. The Debtor's claim of exemption in the proceeds is allowed to the extent permitted under § 283(2) of the Debtor and Creditor Law.

By reason of the foregoing it is, therefore,

ORDERED that the Complaint of the Trust Company be and the same is hereby dismissed, without costs; and it is further

---

1. Transfer is defined as "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest including retention of title as a security interest." 11 U.S.C. § 101(4) (Supp. V 1981). Under this definition, any transfer of an interest in property is a transfer, including a transfer of possession, custody, or control even if there is no transfer of title, because possession, custody, and control are interests in property. S.Rep. No. 989, 95th Cong. 2d Sess. (1978) p. 27; H.R.Rep. No. 595, 95th Cong. 1st Sess. (1977) p. 314, U.S. Code Cong. & Admin.News 1978, p. 5787.

Section 101(4) of the Code is intended to define "transfer" as broadly as possible to include any disposition of property or an interest in property.

The Court holds that the Trust Company's action of serving a restraining notice upon Metropolitan effected an involuntary transfer of control of the subject insurance settlement from Metropolitan to the Supreme Court of the State of New York, County of Tompkins.

**128**

ORDERED that the counterclaim and affirmative defense of the Debtor be and the same is hereby sustained without costs; and it is further

ORDERED that the Debtor's claim of exemption in the subject settlement be and the same is hereby allowed to the extent permitted under § 283(2) of the Debtor and Creditor Law with the remainder of the monies becoming property of the estate.