OPINION OF THE COURT
Bernard F. McCaffrey, J.
This motion by judgment creditors, Twin Valley Farmers Exchange Inc. (Twin Valley) and the Dannon Company (Dannon), to obtain a modification of the order of the court dated March 8, 1984, which directed that the judgment creditor pay the Sheriff’s poundage in regard to an execution and levy in connection with the judgment of the judgment creditor, is granted.
In its decision of March 8, 1984, the court determined that the property levied on by the Sheriff did not belong to the judgment debtor, Farmer’s Bazaar of Long Island, Inc. (Farmer’s Bazaar), and, therefore, declared the execution and levy unlawful, and vacated said execution and levy. The court further declared the property levied upon to be owned by S.L.G. Discount Inc., which had purchased it from petitioner, Associated Food Stores (Associated) under a bill of sale dated September 27,1983, and that Associated rightfully acquired said property by foreclosure of its security interest when Farmer’s Bazaar defaulted in payment of $85,000 due Associated.
The movants argue that, since it was determined that ownership of the personalties levied upon by the Sheriff *651 was not the property of the judgment debtor, Farmer’s Bazaar, the Sheriff incorrectly levied upon the personalty in question, and that being the case the execution should be deemed unsatisfied, as the property of the judgment debtor, Farmer’s Bazaar, was never levied upon. There being no property belonging to Farmer’s Bazaar, no value is presented upon which Sheriff’s poundage could be calculated. There is logic to this argument and the only position asserted by the county in its opposition to the motion is that the movants at no time answered or submitted papers in response to the notice of petition and petition duly served upon them as directed by order of the court dated November 17, 1983 (Kelly, J.), and further that the movants had ample opportunity throughout this proceeding to make their position known, and declined to so. This contention, of course, fails to address the merits of the argument raised by the movants at this time. None of the parties submitted any case law in support of their respective positions.
The right of a Sheriff to poundage is wholly statutory and must be strictly construed. (Knoll v Knoll, 78 Misc 2d 710.) “Poundage” is a fee awarded to a Sheriff in the nature of a percentage commission upon moneys received pursuant to a levy or execution or attachment. (Southside Inds. v Jeremias, 66 AD2d 178.) Generally, the Sheriff is entitled to receive poundage only upon amounts actually collected. (Matter of Pearson, 72 Misc 2d 995.) The Sheriff is, however, entitled to poundage upon the vacating of a warrant of attachment. (Bruskin v Diamond Trading Co., 182 Misc 444.) Nevertheless, it would appear that the Sheriff has no poundage claim unless he has actually made a levy on the judgment debtor’s property, his fee being based upon the value of the property levied upon. (See Wartels v County Asphalt, 69 Misc 2d 979, affd 41 AD2d 705.) Poundage assessed pursuant to CPLR 8012 (subd [b]) is computed on the basis of the value of the property levied upon. (Hollister v Hollister, 33 AD2d 821.) A review of the affirmation of the Deputy County Attorney dated January 20, 1984 even predicates the right of the Sheriff to poundage and fees by virtue of the Sheriff’s having “levied execution upon the assets of Farmer’s Bazaar of Long Island Inc.” As it has *652 been determined in the court’s decision of March 8, 1984, execution was not levied by the Sheriff upon the assets of Farmer’s Bazaar; rather, the property belonged to S.L.G. Discount Inc. Where a proper levy is made the Sheriff is. entitled to his poundage (Knoll v Knoll, supra).
In this instance the court determines that the Sheriff is not entitled to poundage under CPLR 8012 and the movants are entitled to modification of the court’s order of March 8, 1984, accordingly.