OPINION OF THE COURT
Bernard F. McCaffrey, J.
Motion on behalf of the Sheriff of Nassau County, which seeks to reargue the order of this court dated March 8, 1984, as modified by the order of this court dated July 24, 1984, is granted, and upon such reargument and reconsideration the order of July 24,1984, is modified to provide that the Sheriff, in this instance, is entitled to payment of poundage from the judgment-creditor-respondents.
It is most unfortunate that the position of the movant herein was not adequately set forth in the prior motion resulting in the decision of the court dated June 15,1984, thus necessitating the additional motion practice. The affirmation of the Deputy County Attorney, on the instant motion, readily acknowledges that the affirmation previously submitted on behalf of the Sheriff in opposition to the motion submitted by the judgment creditors did not sufficiently amplify the pertinent material facts and legal arguments outlining the position of the Sheriff. In its memorandum decision of June 15, 1984, the court pointed out what it regarded as a failure of Sheriff’s counsel to properly address the merits of the arguments raised on behalf of the judgment creditors at the time. Had it been furnished with proper opposition then and there, the court would not have had to address itself to this motion.
A review of the papers submitted by the Sheriff of Nassau County on this motion for reargument now clearly sets forth *542 that the Sheriff did levy on specific property as directed by the judgment-creditor-respondents and their attorneys. Notwithstanding the claims of the judgment creditors, Twin Valley and the Dannon Company, that the Sheriff merely went to an address and had no idea who the persons served with the executions were employed by, the papers submitted on the motion to reargue are rather unequivocal and persuasive that the Sheriff did all that it could in serving the judgment debtor pursuant to the executions he was directed to serve by petitioners and petitioners’ attorneys; and the file maintained by the deputy sheriff serving the executions and his affidavit of July 20, 1984, reflected his diligence in carrying out the directions of the respondents and respondents’ attorneys, and in ascertaining with whom he was dealing. Once the Sheriff levied on property represented by the judgment creditors to be owned by the judgment debtor, the judgment creditors, who filed the process, are liable to the Sheriff for poundage. (See, Zimmerman v Engel, 114 NYS2d 293.)
As indicated previously, generally the Sheriff is entitled to receive poundage upon the vacating of a warrant of attachment (Bruskin v Diamond Trading Co., 182 Misc 444), and poundage assessed pursuant to CPLR 8012 (b) is computed on the basis of the value of the property levied upon. (Hollister v Hollister, 33 AD2d 821.) “Poundage” is a fee awarded to the Sheriff in the nature of a percentage commission upon moneys recovered pursuant to a levy or execution, or attachment. (Southern Indus. v Jeremias, 66 AD2d 178.)
Thus, as here, where an execution has been vacated the Sheriff is entitled to his statutory poundage where, at the direction of the creditors and/or their attorneys, he levied execution on the designated property. To hold otherwise would permit the creditors, in this instance, to escape the statutory obligation calling for the payment of poundage after the aid of the Sheriff had been invoked and his services properly rendered.
Accordingly, the judgment-creditor-respondents are responsible for, and shall pay the Sheriff’s poundage in this case.