**In re Peggy L. McMAHON, Debtor.**

**Peggy L. McMAHON, Plaintiff,**

**v.**

**Gertrude S. NOURSE, Daniel G. Reardon, Sheriff of Herkimer County, and Christine R. Scalzo, Trustee, Defendant.**

Bankruptcy No. 86–00697.
Adv. No. 86–0070.

United States Bankruptcy Court,
N.D. New York.

Jan. 29, 1987.

James F. Selbach, Syracuse, N.Y., for plaintiff.

Charles E. Crandall, Jr., Asst. Co. Atty., Herkimer, N.Y., for defendant, Daniel B. Reardon, Sheriff of Herkimer County.

Carl G. Scalise, Herkimer, N.Y., for Gertrude S. Nourse.

Christine Scalzo, Utica, N.Y., trustee.

## MEMORANDUM–DECISION AND ORDER ON MOTION FOR SUMMARY JUDGMENT

STEPHEN D. GERLING, Bankruptcy Judge.

This motion for summary judgment arises in the adversary proceeding commenced by Peggy L. McMahon ("Debtor") against a creditor, Gertrude S. Nourse, ("Nourse"), the Sheriff of Herkimer County, New York, Daniel B. Reardon ("Reardon"), and Christine R. Scalzo ("Trustee"). The Debtor seeks to recover certain items of personal property, the transfer of which she contends to have constituted voidable preferences. The Court's decision is issued pursuant to Fed.R.Bankr.P. 7052 and 7056.

### FINDINGS OF FACT

The following facts are not subject to material dispute.

1. Debtor filed her voluntary petition for relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 101–151326 ("Code") on June 5, 1986.

2. Prior to the filing of the bankruptcy petition, Nourse obtained a deficiency judgment against Debtor and her spouse as part of an action in foreclosure.

3. Nourse, through her attorney, caused to issue a restraining notice pursuant to New York Civ.Prac.Law and Rules § 5222 (McKinney 1978) ("CPLR"). The restraining notice was served on Norstar Bank ("Norstar") on or about May 16, 1986, and at that time, Debtor maintained a bank account at said bank in an unknown amount.

4. On or about May 23, 1986, Nourse filed with Reardon's office a property execution issued pursuant to CPLR § 5230.

5. On May 27, 1986, Reardon's office acted upon the property execution pursuant to CPLR § 5232, and took into possession Debtor's 1976 Lincoln Continental automobile.

6. Upon the filing of Debtor's bankruptcy petition, Debtor's counsel telephoned Nourse's counsel, informed him of the filing, and requested the restraining notice served on Norstar be withdrawn. Nourse's counsel refused.

7. In his Amended Answer, Reardon advances a "cross-claim" against the Debtor [1] and his co-defendants, claiming storage charges on the automobile in the amount of $5.00 per day from May 27, 1986.

8. Debtor's schedules, filed on June 5, 1986, value the automobile at $1,200.00. Debtor did not schedule a bank account as an asset in Schedule B–2, although she did indicate in her Statement of Financial Affairs that she had maintained a bank account at the Norstar Bank during the two years immediately preceding her filing. Debtor did not divulge whether the account(s) were maintained in her name alone, or whether any other persons were authorized to make withdrawals therefrom.

9. The Trustee has not attempted to avoid actions taken by Nourse, nor has the Trustee interposed an answer to the Debtor's complaint.

## ARGUMENTS

Debtor contends Nourse's refusal to lift the restraining notice served upon the Norstar Bank violates the provisions of Code § 362. The filing of the execution with Reardon, and the latter's seizure of the automobile are alleged to constitute voidable preferences pursuant to Code § 547.

Nourse's counsel,[2] in an affirmation filed with the court on September 19, 1986, conceded that the continued restraint on Debtor's bank account violated the automatic stay provisions of the Code. Nourse ignores Debtor's allegation that the seizure of the automobile was a voidable preference; instead, Nourse argues that the Code's automatic stay provisions have prospective application only, and do not undo a creditor's seizure of property which takes place prior to the commencement of the case. *United States v. Whiting Pools, Inc.*, 674 F.2d 144 (2d Cir.1982) *aff'd.*, 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983).

## CONCLUSIONS OF LAW

Initially, the Court notes its jurisdiction pursuant to 28 U.S.C. § 1334 and § 157(b)(2)(F).

■ Code § 522 provides in pertinent part:

(h) The debtor may avoid a transfer of property of the debtor ... to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—

(1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title ...; and

(2) the trustee does not attempt to avoid such transfer.

The Trustee's inaction is perceived by the Court to constitute an abandonment of the estate's interest in either the automobile or bank account(s), although the Trustee may not have been fully cognizant of the bank account. Debtor may thus properly bring this action.

Code § 101(48) [3] defines "transfer" as "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including re-

---

**1.** Reardon's claim against Debtor is properly designated a compulsory counterclaim. Fed.R. Bankr.P. 7013 (Fed.R.Civ.P. 13(a)).

**2.** By letter dated September 22, 1986, Nourse's counsel advised the Court that he had been discharged by Nourse on September 18, 1986.

**3.** Re-designated paragraph (50) by Act of October 27, 1986, § 251(2), Pub.L.No. 99–554, 100

tention of title as a security interest and foreclosure of the debtor's equity of redemption". This section intends the term "transfer" is to be broadly construed. *See, Tompkins County Trust Co. v. Sullivan, (In re Sullivan)*, 31 B.R. 125, 127 n. 1 (Bankr.N.D.N.Y.1983); S.Rep. No. 989, 95th Cong. 2d Sess., 27 *reprinted in* 1978 U.S. Code Cong. & Ad. News 5787, 5813; H.R.Rep. No. 595, 95th Cong., 1st Sess., 314 *reprinted in* 1978 U.S. Code Cong. & Ad. News 5963, 6271.

In *Sullivan, supra,* the Court held that the service of a restraining notice pursuant to CPLR § 5222 upon a third party holding property of a debtor was an involuntary transfer of the debtor's interest in property. *Id.,* 31 B.R. at 127 n. 1. In that case, the trustee had failed to interpose an answer, and was deemed to have abandoned an interest in insurance proceeds which were the subject of a restraining notice. The creditor commenced an adversary proceeding to determine rights to the settlement funds, alleging the service of the restraining notice gave it a lien which could not be defeated by the trustee under Code § 544. The court held that the service of the restraining notice did not give the judgment creditor a lien, and that the debtor was entitled to claim as exempt so much of the proceeds to the extent allowed under N.Y.Debt. & Cred.Law § 283(2) (McKinney Supp.1986).[4]

■ As a matter of law, the Debtor is entitled to summary judgment on its cause of action seeking the release of the restraining notice. Code § 544(a) gives the trustee (Debtor) the rights of a creditor on a simple contract with a judicial lien on the property of the debtor as of the date of the petition. Nourse having no lien on the bank account, and the Debtor's "strong arm" powers under the Code being paramount, the restraining notice is voidable. As the Trustee has waived any claim to the bank account, the Debtor is entitled to a claim of exemption to the extent permitted

by N.Y.Debt. & Cred.Law § 283(2) (McKinney Supp.1986), with any excess being paid to the Trustee.

■ With respect to the seizure of the automobile, it is obvious that Reardon's action in levying upon the property on May 27, 1986 constituted a "transfer" as well. *Syed Industries Corp. v. Cohen (In re Syed Industries Corp.)*, 58 B.R. 920, 922 (Bankr.E.D.N.Y.1986); *Barr v. National Aircraft Services, Inc. (In re Cosmopolitan Aviation Corp.)*, 34 B.R. 592, 594 (Bankr. E.D.N.Y.1983). This is true as the creation of a judicial lien upon property in which the debtor has an interest is a transfer as contemplated by Code § 547. *Syed Industries Corp. v. Cohen (In re Syed), supra,* 58 B.R. at 922; *Barr v. National Aircraft Services, Inc. (In re Cosmopolitan Aviation Corp.), supra,* 34 B.R. at 595. It is well settled that state law dictates when a lien is created. *Powers v. Johnson,* 71 F.2d 48, 53 (8th Cir.) *cert. denied,* 293 U.S. 596, 55 S.Ct. 111, 79 L.Ed. 689 (1934); *Westmoreland v. Dodd,* 2 F.2d 212, 213 (5th Cir.1924) *cert. denied,* 267 U.S. 595, 45 S.Ct. 231–32, 69 L.Ed. 805 (1925); *Yumet & Co. v. Delgado (In re E. Del Pilar Hermano & Co.),* 243 F. 519, 520–21, (1st Cir.1917); 4 COLLIER ON BANKRUPTCY, ¶ 547.12[2], 547–49 (15th ed. 1986). In New York, a judgment becomes a lien on personal property when an execution is delivered to the sheriff. *Knapp v. McFarland,* 462 F.2d 935, 938 (2d Cir.1972); *Adler v. Greenfield,* 83 F.2d 955, 956 (2d Cir.1936); *Shaughnessy v. Oneida Orthopedic Asso. (In re Shaughnessy),* Case No. 82–00235, Adv.Pro. No. 82–0199 (Bankr.N.D.N.Y. March 9, 1984) (Marketos, B.J.); *Carl v. Key Bank (In re Carl),* Case No. 82–01185, Adv.Pro. No. 82–0332 (Bankr.N.D.N.Y. April 11, 1983) (Marketos, B.J.); *cf. Riddervold v. Saratoga Hospital (In re Riddervold),* 647 F.2d 342, 344–45 (2d Cir.1981).

Code § 547(b) provides that a trustee may avoid the transfer of debtor's interest

Stat. 3088, effective November 26, 1986 (but not to cases commenced prior to that date).

**4.** N.Y. Debt. & Cred. § 283(2) (McKinney Supp. 1986) allows a debtor who is not claiming a

homestead exemption as authorized under CPLR § 5206 and who has not exceeded the $5,000.00 personal property limit, to exempt up to a maximum of $2,500.00 in cash.

in property to a creditor as a preference, should he or she prove five elements. The trustee must prove [5] that a transfer was made 1) to or for a creditor's benefit; 2) on account of an antecedent debt owed by the debtor before the transfer was made; 3) while the debtor was insolvent; 4) on or within 90 days before the filing of the petition; [6] and 5) which allows the creditor to receive more than he or she would if the transfer had not been made, and the creditor had been paid under a Chapter 7 liquidation. The delivery of the execution to Reardon, as well as Reardon's actions in levying upon the automobile were transfers on Nourse's behalf on account of an antecedent debt which existed prior to the transfers. Each took place within the 90 days immediately preceding the filing of Debtor's petition, and while the Debtor was insolvent.[7] Finally, Debtor would be able to claim the entire value of the automobile as exempt property pursuant to N.Y. Debt. & Cred. Law § 282(1) (McKinney Supp. 1986). The automobile would be removed from the property available for liquidation under her Chapter 7 case, and thus Nourse receives more due to the execution levy than she would have otherwise. As a matter of law, Debtor is entitled to summary judgment on her second cause of action seeking return of the automobile to her possession.

■ Reardon has filed counter and cross-claims against Debtor and her co-defendants, respectively, for storage costs associated with the seizure of the automobile. Responsibility for such costs, as a matter of law, do not lie with the Debtor or the Trustee.

CPLR § 8012(b)(2) provides Reardon with the statutory basis for his storage cost claim. This section provides that where a sheriff levies upon property by virtue of an execution, and thereafter the execution is vacated or set aside, "the sheriff is entitled to poundage upon the value of the property levied upon, not exceeding the amount specified in the execution, and the court may order the party liable therefor to pay the same to the sheriff." Reardon's right to seek poundage is solely statutory, and must be strictly construed. *Matter of International Distributing Export Co.*, 219 F.Supp. 412, 413 (S.D.N.Y. 1963); *Associated Food Stores, Inc. v. Farmer's Bazaar of Long Island, Inc.*, 124 Misc.2d 650, 651, 477 N.Y.S.2d 80 (N.Y.Sup. Ct.) *modified*, 126 Misc.2d 541, 483 N.Y. S.2d 581 (1984). When a sheriff has actually levied upon property, his poundage fee is computed on the basis of the value of the property seized. *Id.*, at 651, 477 N.Y.S.2d 80; *Hollister v. Hollister*, 33 A.D.2d 821, 305 N.Y.S.2d 447 (1969); *Wartels v. County Asphalt, Inc.*, 69 Misc.2d 979, 981, 330 N.Y.S.2d 752 (N.Y.Sup.Ct.1972) *aff'd.*, 41 A.D.2d 705, 340 N.Y.S.2d 1009 (1973). The Court's ability to assess poundage costs against a party depends upon whether after levy, the matter has been either settled, or the execution vacated or set aside. See CPLR 8012(b)(2). When a settlement is reached, the Court has no authority to order payment, and the sheriff must seek recompense via a plenary action. *Seymour Manufacturing Co. v. Tarnopol*, 20 Misc.2d 210, 212, 187 N.Y.S.2d 494 (N.Y. Sup.Ct.1959). A settlement does not abate a sheriff's levy, and he may maintain possession of the property until he has been paid his statutory fees. *M.H. Treadwell & Co. v. John A. Mead Manufacturing Co.*, 75 A.D. 478, 479, 78 N.Y.S. 283 (1902).

On the other hand, when the execution is vacated or set aside, a court is empowered to enter an order designating responsibility for the poundage costs. CPLR 8012(b)(2). When an execution has been vacated

---

5. Code § 547(g) places the burden of proving avoidability of a transfer on the trustee (Debtor). Nourse bears the burden of proving nonavoidability upon one of the grounds specified in Code § 547(c).

6. Code § 547(b)(4) focuses upon transfers occurring in different times depending upon the creditor's status as an "insider" or not. There is no allegation that Nourse is an insider as de-

fined in Code § 101(3), and the relevant focus is upon the 90 day period prior to the date of the filing of the petition.

7. Code § 547(f) presumes a debtor's insolvency for the 90 days prior to the filing of the petition. Nourse has presented no evidence to dispute this rebuttable presumption.

and/or set aside, the basis for the sheriff's dominion over the property is lost, and the court's authority in assessing poundage fees substitutes for the security he would have otherwise had for the payment of poundage costs. *Seymour Manufacturing Co. v. Tarnopol, supra.* A preferential transfer as that herein is a voidable, not a void, transaction. *Federal Deposit Ins. Corp. v. Davis,* 733 F.2d 1083 (4th Cir.1984). In a bankruptcy context, the Court holds the finding of preference under Code § 547 to constitute a vacation of, or a setting aside of, the sheriff's execution itself. A preferential transfer is assuredly not a settlement. The determination that a transfer is a preference necessarily causes interference with the sheriff's ability to proceed further, and he may properly look to the party by whom the execution was issued for payment of his poundage. *Associated Food Stores, Inc. v. Farmers Bazaar of Long Island, Inc., supra; Seymour Manufacturing Co. v. Tarnopol, supra; Campbell v. Cothran,* 56 N.Y. 279 (1874); *Van Kirk v. Sedgwick,* 87 N.Y. 265, 271 (1881); *McCloskey v. Bril,* 286 A.D. 143, 142 N.Y.S.2d 5 (1955); *aff'd.* 1 N.Y.2d 755, 152 N.Y.S.2d 301, 135 N.E.2d 53 (1956); *Myers v. Grove,* 242 A.D. 637, 272 N.Y.S. 162 (1934). Consequently, Reardon is entitled to collect payment for poundage fees, and the Court's review of the above cases would lead to the conclusion that the responsible party is Nourse.

However, a final, binding determination in this regard is best left to the courts of New York state, as the relief sought by Reardon in his cross-claim against Nourse falls outside of those "core" proceedings set forth in 28 U.S.C. § 157. The Court simply does not have jurisdiction to assess responsibility for the poundage fees except to determine that neither Debtor nor the Trustee has such responsibility. While the Court appreciates that this decision may result in commencement of an action in a New York state court should Reardon seek recompense for his costs, the state forum is properly charged with the task of determining the ultimate responsibility, and in what degree.

Based upon the foregoing, it is

ORDERED:

1. The restraining notice served by Nourse upon the Norstar Bank affecting the bank account(s) of Debtor Peggy L. McMahon is set aside.

2. Debtor is authorized to claim as an exemption pursuant to Code § 522 and CPLR § 5205 the said bank account(s) to the extent permitted by law. Within ten (10) days after entry of this Order, Debtor's counsel shall report to the Court on the balance of the account(s), and the amount therein claimed as exempt.

3. Reardon's seizure of Debtor's 1976 Lincoln Continental, pursuant to Nourse's writ of execution, is set aside as a preferential transfer. Code § 547. The automobile is to be returned to Debtor forthwith, with neither Debtor nor the Trustee responsible for poundage fees thereon.

4. Reardon's cross-claim against Nourse for poundage fees is dismissed, as the Court lacks jurisdiction to entertain same.