In the Matter of REGENCY ARCHITEC-
TURAL METALS CORP., Debtor.

**REGENCY ARCHITECTURAL METALS
CORP., Plaintiff,**

v.

**MENT BROTHERS IRON WORKS
COMPANY, INC., Defendant.**

Bankruptcy No. 2–87–01190.
Adv. No. 2–89–0019.

United States Bankruptcy Court,
D. Connecticut.

June 29, 1989.

Jon P. Newton, and David H. Flynn, Reid & Riege, P.C., Hartford, Conn., for debtor-plaintiff.

Irve J. Goldman, and Byron Paul Yost, Hogan, Evans, Baldwin, Rini, Yost & Mednick, P.C., Bridgeport, Conn., for defendant.

AMENDED MEMORANDUM OF DECISION ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

ROBERT L. KRECHEVSKY, Chief Judge.

I.

In this core proceeding, Regency Architectural Metals Corp. (the debtor) seeks a determination of the validity, enforceability and priority of a lien claimed by Ment Brothers Iron Works Company, Inc. (Ment). Ment contends that a New York statutory restraining notice, served prepetition by it as a judgment creditor upon an account debtor of the debtor, entitles Ment to the receivable over the claim of the debtor's estate. Ment asserts that the restraining notice either "effectuated an involuntary transfer to it" of the receivable to "be set off against" the debtor's obligation to Ment, or that the restraining notice prevented the receivable from becoming "property of the estate." The parties have

presented the matter to the court by way of a stipulation of facts and documents, memoranda of law and cross-motions for summary judgment. For reasons that follow, Ment's arguments are determined to be baseless.

## II.

## BACKGROUND

Ment, on November 5, 1986, obtained a money judgment for $42,050.00 against the debtor in the Supreme Court of New York. The judgment was based upon work performed by Ment as a sub-contractor of the debtor. On August 13, 1987, Ment's attorneys, pursuant to New York Civil Practice Law and Rules (CPLR) § 5222, served a restraining notice on Jack Resnick and Sons, Inc. (Resnick), a contractor for whom the debtor had been a sub-contractor and who then owed the debtor $31,117.50 for services and materials. Resnick's obligation to the debtor and the debtor's obligation to Ment arose out of unrelated jobs. No further events took place prior to the filing by the debtor of a voluntary chapter 11 petition in this court on November 20, 1987. The court confirmed the debtor's plan of reorganization on February 23, 1989. By agreement of the parties, Resnick paid its account payable to the debtor's estate, with the funds placed in an escrow account pending this court's determination of the party entitled to these monies.

## III.

## DISCUSSION

The central issue here is the effect of a CPLR § 5222 restraining notice. That section authorizes an attorney for a judgment creditor to serve a restraining notice upon any person, except the employer of a judgment debtor, who is indebted to or has property of the judgment debtor. The notice provides that the person served is forbidden from transferring such property or paying such debt "to any person other than the sheriff, except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him, or until the judgment is satisfied or vacated, whichever event first occurs." The operative provisions of § 5222, pertinent to the present proceeding, were clearly outlined and defined by the New York Court of Appeals in *Aspen Industries v. Marine Midland Bank*, 52 N.Y.2d 575, 439 N.Y.S.2d 316, 318–19, 421 N.E.2d 808 (1981):

> [T]he restraining notice serves as a type of injunction prohibiting the transfer of the judgment debtor's property. This notice may be served on either the judgment debtor himself or, as in the present case, upon a third party "garnishee"—a person who owes a debt to the judgment debtor or who is in possession of property in which the judgment debtor has an interest. When served upon a garnishee, the injunctive effect of the restraining notice continues for one year or until such time as the judgment is satisfied or vacated, whichever occurs first, and extends to property "then in and thereafter coming into the possession or custody" of the garnishee. In contrast with prior law, service of a CPLR 5222 restraining notice confers no priority upon the judgment creditor in the form of a lien on the judgment debtor's property. Therefore a judgment creditor serving a restraining notice ordinarily is required to take further steps in enforcing his judgment, such as an execution or levy upon the judgment debtor's property, in order to prevent the intervening rights of third parties from taking precedence over his claim against the judgment debtor. (Citations omitted).

In light of this clear statement of the operation of the restraining notice, New York bankruptcy courts have, without exception, held that all rights of a judgment creditor under a restraining notice are subject to and fall before the strong-arm powers of a bankruptcy trustee. *Tompkins County Trust v. Sullivan (In re Sullivan)*, 31 B.R. 125, 127 (Bankr.N.D.N.Y. 1983) ("the Trustee's 'strong arm' rights under the Code are such that allow him to set aside the Trust Company's restraining notice, since no lien exists on the subject

proceeds, and use same for the benefit of the Debtor's estate."); *Barr v. National Aircraft Services (In re Cosmopolitan Aviation),* 34 B.R. 592, 597 (Bankr.E.D.N.Y.1983) (The service of a restraining notice creates no lien; the issuance of an execution is required to prevail against a bankruptcy trustee.); *McMahon v. Nourse (In re McMahon),* 70 B.R. 290, 293 (Bankr.N.D.N.Y.1987) (A restraining notice is voidable under the debtor's paramount strong-arm powers, and the debtor is entitled to summary judgment in a proceeding seeking release of the restraining notice.); *Cf. James Talcott Factors v. Blatter (In re Blatter),* 16 B.R. 137 (Bankr.E.D.N.Y.1981) (where creditor issued restraining notice followed by delivery of an execution timely perfected, creditor obtains lien prior in right to trustee's hypothetical lien); *see also* Siegel, *Practice Commentaries, McKinney's Cons. Laws of N.Y.,* Book 7B, CPLR 5222, C5222:8 ("the restraining notice, whatever its uses and advantages, gives the judgment creditor no lien on the defendant's property, personal or real, and no special priority in a race with other judgment creditors. Practitioners who have overlooked this have seen their clients lose out to other judgment creditors who, though perhaps less diligent overall, nonetheless made use of a device which did obtain a priority.")

Ment's attempt during oral argument to distinguish *Aspen Industries* is unavailing, and the authorities which Ment primarily relied upon in its memorandum—*Gibson v. Central Nat'l Bank of McKinney,* 171 F.2d 398 (5th Cir.1948) and *Allbrand Appliance & Television v. Merdav Trucking (In re Allbrand Appliance & Television),* 16 B.R. 10 (Bankr.S.D.N.Y.1980)—are totally inapposite.

## IV.

### CONCLUSION

The powers of a trustee under § 544(a), the strong-arm clause, "are those which the state law would allow to a supposed or hypothetical creditor of the debtor who, as of the commencement of the case, had completed the legal (or equitable) processes for perfection of a lien upon all the property available for the satisfaction of his claim against the debtor." L. King, 4 *Collier On Bankruptcy* ¶ 544.02 at 544–5 (15th ed. 1989). Consequently, the restraining notice issued by Ment on August 13, 1987 is avoidable by the debtor, and the funds held in the escrow account, representing the proceeds of the Resnick account receivable, are determined to belong to the debtor's estate, free of any claim of Ment. The debtor's motion for summary judgment is granted, and Ment's motion for summary judgment is denied.