■ ALI YUSUF, Respondent, v CITY OF NEW YORK et al., Appellants. [766 NYS2d 554] —Order, Supreme Court, Bronx County (Paul Victor, J.), entered July 2, 2002, which granted plaintiff's motion for class certification and denied defendants' cross motion for summary judgment, unanimously modified, on the law, to grant partial summary judgment dismissing the complaint only insofar as its allegations of unauthorized fees relate to the Sheriff's administrative fee, and otherwise affirmed, without costs.

Each element of the Sheriff's administrative fee, in connection with the New York City "ScoffTow" program (Administrative Code of City of NY § 19-212), has a statutory basis (CPLR 8011 [b] [2], [3]; [d]). The same cannot be said for the towing charge, where a triable issue of fact exists as to the Sheriff's exaction of an amount exceeding the contracted fee. Similarly, the statutory right to poundage must be strictly construed (*Personeni v Aquino*, 6 NY2d 35, 37 [1959]), and here the calculation was based upon more than just the value of the property levied upon (*see Southern Indus. v Jeremias*, 66 AD2d 178 [1978]; *Hollister v Hollister*, 33 AD2d 821 [1969]), namely, the judgment as improperly augmented by additional fees in connection with the collection.

Among other reasons, the fact that the discrepancy in each case is relatively small, but the size of the potential class is large, militates in favor of class certification under the circumstances (*see Tindell v Koch*, 164 AD2d 689 [1991]). Concur—Andrias, J.P., Saxe, Williams, Marlow and Gonzalez, JJ.